**BLUE SUMMIT LANDFILL, INC., Appellant,**

v.

**JACKSON COUNTY, Missouri, Respondent.**

**JACKSON COUNTY, Missouri, Respondent,**

v.

**Warren HAMILTON, Appellant.**

**Nos. KCD 27074, KCD 27075.**

Missouri Court of Appeals, Kansas City District.

Dec. 8, 1975.

Motion for Rehearing and/or Transfer Denied Jan. 12, 1976.

Application to Transfer Denied March 8, 1976.

James L. Swarts, Jack C. Terry, Independence, for appellants.

Stanley Christopher, County Counselor, William D. Cosgrove, Sp. County Counselor, Kansas City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

TURNAGE, Judge.

These cases were consolidated in the trial court and remain so here.

In one case Blue Summit Landfill, Inc., (Landfill) brought suit against the then County Court of Jackson County. Jackson County as such has been substituted as the defendant. In this suit Landfill sought a declaratory judgment and injunction, seeking a declaration of its rights to operate a landfill pursuant to a permit granted by the Town of Blue Summit, and to enjoin the County from interfering with Landfill in carrying on the operation of a sanitary landfill.

In the suit filed by Jackson County against Hamilton, with Landfill substituted for him, the County sought an injunction to prevent Landfill from continuing the operation of its sanitary landfill.

The facts are not in dispute.

On April 11, 1967, the County Court of Jackson County entered an order incorporating the Town of Blue Summit. Litigation followed in which the validity of this order was attacked with the result that on April 9, 1968, the County Court entered a new order incorporating the town. An appeal to this court resulted in this court holding in *In Re Town of Blue Summit,* 461 S.W.2d 332 (Mo.App.1970) the order of April 9, 1968, was void, but specifically stating the original order incorporating the Town of Blue Summit on April 11, 1967, remained in full force and effect. This court stated at page 336[3]:

"Under the doctrine of res judicata it still stands as a final determination that the town of Blue Summit has been constituted a municipal corporation, and it will so remain until and unless a contrary declaration is made by a court of competent jurisdiction in a direct proceeding in quo warranto instituted for the specific purpose of ousting it from exercising municipal functions. The possibility that the April 11, 1967, judgment may have been erroneous, even on its face, does not render it void or lessen its effect as to res judicata."

On August 4, 1971, the Board of Trustees of the Town of Blue Summit passed an ordinance granting a permit to Landfill for the operation of a sanitary landfill. Thereafter Landfill paid a fee of $1500 to the Town for a special occupational license for the operation of the landfill, and was to pay a like amount each year of operation.

On November 18, 1971, the Circuit Court of Jackson County entered a judgment declaring the incorporation of the Town to have been made without jurisdiction in the County Court and ousting the Town from any authority or power to act under such incorporation.

The County insists that since the order incorporating the Town of Blue Summit was void all of the acts performed by the City were void, and then urges the permit granted to Landfill was void and Landfill acquired no rights under such permit. The County reasons that since the County requires a special permit to be issued by it for the operation of a sanitary landfill, and Landfill does not have such special permit, then Landfill should be enjoined from further operation in the area where it commenced its landfill.

Landfill, on the other hand, urges that the Town of Blue Summit was a de facto municipal corporation and for that reason the permit issued to it was valid at the time it was issued and having acquired a valid permit is entitled to the status of a non-conforming use as against the County when the incorporation of the Town of Blue Summit was invalidated. The trial court made findings of fact and conclusions of law in which it in effect found the incorporation of Blue Summit was void and the permit issued by the Town to Landfill was void, and therefore, Landfill had no right to continue to operate its sanitary landfill since it did not have a special permit issued by the County.

■ Even though the Town of Blue Summit was ousted and its incorporation was invalidated, under the holding of this court, quoted above, the existence of the Town would continue until it was ousted in a direct proceeding. When this court held the corporate existence of Blue Summit would continue until ousted in a direct proceeding brought by the State, this constituted the Town of Blue Summit a de facto municipal corporation. 1 McQuillin Municipal Corporations, § 3.45, p. 314.

■ The Town of Blue Summit was a de facto corporation at the time the permit was issued to Landfill. It is well settled in Missouri that the acts of de facto officers and corporations will be upheld. *School*

*District of Kirkwood R–7 v. Zeibig,* 317 S.W.2d 295 (Mo. banc 1958). The court stated in that case at page 300[3]:

> "but in the circumstances of some cases 'the *de facto* principle is applied, and thus an otherwise void act is validated, not because of any character or quality attached to the so-called officer or to his office, but *because this is necessary to preserve the rights of third persons and keep up the organization of society.'* . . . Hence, it frequently is said in effect that the doctrine of de facto has been ingrafted upon the law as a matter of policy and necessity to protect the interests of the public and of individuals involved in the official acts of persons exercising the duty of an officer without actually being one in strict point of law."

In *Boggess v. Pence,* 321 S.W.2d 667 (Mo. banc 1959) it was stated at 672:

> "In the *Harbaugh* case, [*Harbaugh v. Winsor*] supra, 38 Mo. [327] 331, 332, the court said: 'The rule imparting validity to the acts of a de facto officer is indispensably necessary to prevent the failure of justice. The business of the community could not be transacted without it; irreparable wrong would result from any other doctrine. The public are necessarily compelled to do business with an officer who is exercising the duties and privileges of an officer under color of right, and to say that his acts as to strangers should be void, would be gross injustice. It would cause a suspension of business till every officer's right de jure was established. This would not only produce inconvenience, but it would be a sheer absurdity. The law will therefore not permit official acts to be impeached collaterally.' "

■ Such rule also applies to municipal corporations. In 62 C.J.S. Municipal Corporations § 30, p. 106, it is stated that until a decree of ouster or forfeiture is entered a de facto municipality "may continue to exercise its powers and discharge its governmental functions, its authority must be re-

spected, and its acts and contracts, and the obligations voluntarily assumed by it, must be held valid and binding."

■ From the above there can be no doubt the Town of Blue Summit was a de facto corporation until it was actually ousted. Prior to the ouster, its acts were fully valid under the de facto doctrine which has been developed to protect those in exactly the same situation as Landfill finds itself here. Even though the incorporation of Blue Summit was later declared to be void, during its de facto existence its acts were fully valid. Thus the permit granted to Landfill during the period of the de facto existence of Blue Summit was valid. This permit having been valid when it was issued, is sufficient to constitute the use which Landfill actually made of its land pursuant to such permit a valid non-conforming use when such land passed into the unincorporated area of Jackson County following the ouster.

A non-conforming use has been described as a "vested right" in *Hoffmann v. Kinealy,* 389 S.W.2d 745 (Mo. banc 1965). Having acquired this vested right of a non-conforming use, Landfill is entitled to pursue its activities under the permit granted without obtaining any permit from Jackson County. It follows the trial court erroneously entered a judgment in favor of Jackson County enjoining Landfill from further operation.

The judgment is reversed and the court is directed to enter a judgment in favor of the plaintiff, Blue Summit Landfill, Inc., in Cause No. 762463 declaring the plaintiff to be entitled to continue the operation of the sanitary landfill without obtaining any permit from Jackson County under its zoning law, and enjoining Jackson County from interfering with the operation of such landfill because of the failure of plaintiff to have a permit. The court is directed to enter a judgment in Cause No. 762487 in favor of the defendant, Blue Summit Landfill, Inc.

The only issues actually raised in these cases involves the validity of the permit issued by the Town of Blue Summit and the necessity of Landfill to obtain a permit from Jackson County under its zoning law, in order to continue its operation. Nothing in this opinion should be construed as holding that Landfill is not subject to any valid regulations adopted by the State or County Health Departments regulating the mode of operation of a sanitary landfill.

All concur.