STATE of Missouri, ex rel. Eugene
KEEVEN and George Kling,
Relators-Respondents,

v.

CITY OF HAZELWOOD et al.,
Respondents-Appellants.

No. 39991.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 31, 1979.

Louis S. Czech, Clayton, for respondents-appellants.

Richard B. Dempsey, David L. Baylard, Shifrin, Treiman, Barken, Dempsey & Ulrich, St. Louis, for relators-respondents.

GUNN, Judge.

Respondent City of Hazelwood appeals from a circuit court judgment in a mandamus proceeding which ordered a liquor license to be issued to relators Eugene Keeven and George Kling. Keeven is the owner of a building which had been utilized as a tavern, and Kling is the proposed tenant and operator of the tavern. The primary issues underlying Hazelwood's appeal are: (1) whether mandamus or Administrative Procedure Act procedures properly apply to the proceedings; (2) whether relators have a nonconforming use in their property for the sale of intoxicating beverages; (3) whether the trial court properly excluded certain evidence which Hazelwood sought to introduce as a basis for denying the liquor license application. We affirm the trial court's order directing Hazelwood to issue the liquor license.

The material facts are undisputed; most were stipulated by the parties. Relator Keeven owns a building in Hazelwood which had been continuously utilized for purveyance of liquor by the drink since 1940, long prior to Hazelwood's incorporation as a village in 1949 or as a charter city in 1970. And, of course, the use began many years before the enactment of the Hazelwood zoning code which at the time the proceedings commenced required all premises licensed to sell liquor by the drink to have restaurant facilities under a special use permit. In February, 1974, the Hazelwood City Council voted to revoke the liquor permit of Keeven's tenant who was operating a bar on the property. The revocation action was held invalid by the St. Louis County Circuit Court. However, at Hazelwood's insistence to comply with the building code, Keeven expended a substantial sum of money to make repairs to his building. In June, 1974, the Hazelwood City Council refused to renew the tenant's liquor license on the ground that he had not disclosed certain silent partners in operation of the bar. The denial action was upheld by the circuit court.

Keeven then sought Hazelwood's guidance on making improvements to his property pursuant to obtaining a liquor license for himself. He was advised of the required improvements under the zoning code and that he would need restaurant facilities as a condition precedent under the zoning code for the liquor-restaurant special use permit. Improvements for a restaurant-bar were made at substantial expense,[1] and relators Keeven and Kling made application for the special use permit. The application for special use permit under the zoning code was denied, but no appeal was taken from the denial. Then relators applied for a liquor license which was not acted upon by the City Council until directed by mandamus action. The result of the Council's action was to spurn the application for a liquor permit solely on the ground that the relators had no special use permit for a restaurant under the zoning code.[2] According to the testimony of the Hazelwood City clerk, except for the special use permit, the relators' application for liquor license met Hazelwood's requirements in all regards including individual character requirements of the applicants. An alternate writ of mandamus was obtained directing Hazelwood to issue the liquor permit, and subsequent circuit court action made the writ absolute resulting in this appeal.

In our consideration of this appeal we are guided by some rather fundamental precepts we do not attenuate:

We start with the proposition that the liquor business stands on a different plane than other commercial operations. It is placed under the ban of the law and is differentiated from all other occupations, and no person has the natural or inherent right to engage therein. Those who engage in the business of liquor have no legal rights save those expressly granted by license and the statute. The state may impose such conditions, burdens and regulations as it may deem wise and proper. In the eyes of the law the liquor business stands on a different plane from other pursuits and is separated or removed from the natural rights, privileges and immunities of the ordinary citizen. *Kehr v. Garrett*, 512 S.W.2d 186, 189 (Mo.App.1974).

Further, mandamus will not lie when the right sought to be enforced is doubtful; it is an appropriate remedy only where the right to relief is clear and unequivocal. *State ex rel. Sprague v. City of St. Joseph*, 549 S.W.2d 873 (Mo. banc 1977); *State ex rel. Scott v. Sanders*, 560 S.W.2d 899 (Mo. App.1978). Having indited the foregoing postulations, we turn our endeavors to the denouement of the case before us.

Hazelwood first attacks mandamus as the proper tool for relator's relief. It argues that the relators did not exhaust the administrative remedies available to them when the City Council denied their application for a restaurant-bar special use permit. Hazelwood importunes that relators should hark to the dictates of the Administrative Procedure and Review Act, specifically § 536.110, RSMo 1969, which requires an aggrieved in a contested administrative proceeding to seek circuit court review within 30 days after the decision of the administrative agency. Hazelwood adverts to the fact that relators failed to appeal the City Council's denial of the special use permit. But Hazelwood's argument in this regard smokescreens the true issue. The fact is that relators did not need a special use permit under the zoning code to obtain a liquor license. They had a nonconforming use

1. The record indicates about $8,000 in expenditures for improvements.

2. The Hazelwood Council minutes read:
Mr. Ward made a motion, seconded by Mr. Eckstein, to deny the application for a liquor license for GG's Inn of the 40's inasmuch as they do not have a Special Land Use Permit for a restaurant and, therefore, the requirements as set forth in the Municipal Code for the granting of a liquor license have not been met.

\* \* \* \* \* \*

The motion was passed and the liquor license as petitioned by Mr. George Kling, for GG's Inn of the 40's was denied, based on the non-compliance with the Municipal Code as stipulated in the motion.

which entitled them to their liquor license aside from the zoning code, assuming, of course, that they were otherwise qualified for such a license. The record affirmatively establishes that relators met ·all necessary personal conditions to qualify for their license, and the use existed many years before Hazelwood or its zoning code. As such, the nonconforming use for sale of liquor by the drink could be continued. *One Hundred Two Glenstone, Inc. v. Board of Adj.*, 572 S.W.2d 891 (Mo.App.1978); *Mullen v. Kansas City*, 557 S.W.2d 652 (Mo. App.1977).

As the relators established the nonconforming use of the property and because there was no impediment in their personal conditions for a liquor license, they were entitled to continue in that use without obtaining a special use permit as required by the subsequent enacted zoning ordinance. *Blue Summit Landfill, Inc. v. Jackson County*, 532 S.W.2d 484 (Mo.App. 1976). The only basis for denial of the liquor license to relators was the false premise that they were without a special use permit. To cure this defect, relators appropriately sought a remedy by way of mandamus. Indeed, it is true that administrative procedures must be exhausted before other court relief may be granted; that, certainly, mandamus is not available in a "contested case" before an administrative body. *State ex rel. Dodson v. McNeal*, 552 S.W.2d 34 (Mo.App.1977). *See: Westside Enterprises, Inc. v. City of Dexter*, 559 S.W.2d 638 (Mo.App.1977). But since the denial of the liquor license was not a "contested case" under the Administrative Procedure and Review Act, the relators were entitled to review by way of mandamus. §§ 536.010, 536.110, 536.150, RSMo 1969.[3]

Hazelwood asserts *State ex rel. Sprague v. City of St. Joseph*, supra, as support for its denial of the license, claiming that relators failed to prove any right to the license as they were without the required special use permit. But for the reason that the property had a nonconforming use and the relators were otherwise qualified for a liquor license, they were not required to have a special use permit, and *Sprague* is infelicitous.

Hazelwood adjures that no one has a vested right to a liquor license, and we do not hold contrary here. What confronts us is that Hazelwood has not been able to make the quantum jump over the chasm created by the fact that relators established a nonconforming use in the property to sell liquor by the drink. The legality of a nonconforming use of property is vested by the use and not by the ownership or tenancy. 8A E. McQuillan, Municipal Corporations § 25.185 (3rd ed. 1965). *See: State ex rel. Barnett v. Sappington*, 266 S.W.2d 774 (Mo. App.1954); *Killian v. Brith Sholom Congregation*, 154 S.W.2d 387 (Mo.App.1941). We do not hold nor did the trial court find that relators had a vested right to a liquor license; it is the property through its usage which has the right and qualifies for the use of the tavern. The use here has been continuous. The fact that the tenant was unable to renew the liquor permit did not provide the requisite intention to abandon the use or failure to act carrying the implication that the use was to be discontinued.[4] *State ex rel. Capps v. Bruns*, 353 S.W.2d 829 (Mo.App.1962). *Bruns* fairly covers the situation confronting us:

> Manifestly, where a person is lawfully conducting a business in a certain area, he has a vested right to continue, even though such business use has become, by reason of changed zoning, a nonconforming use. To then say that the city, by the simple expedient of first requiring and then denying him a license, could destroy such vested right and put him out of business, would be absurd and unreasonable. Such is not the law. *Id.* at 831.

---

3. 36 Mo.L.Rev. 444 (1971), contains an excellent discussion of review procedures in contested cases on Missouri liquor licensing, centering on *Kopper Kettle Restaurants, Inc. v. City of St. Robert*, 439 S.W.2d 1 (Mo.App.1969).

4. *Green v. Copeland*, 286 Ala. 341, 239 So.2d 770 (1970), is directly on point in this regard. *Accord:* 1 R. Anderson, American Law of Zoning § 6.58 (1968).

Hazelwood's contention that a tavern may not be a nonconforming use is too fenestrated to hold legitimate reasoning and is contrary to established recognition of such use. *See: State ex rel. Barnett v. Sappington,* supra.

Hazelwood's duty to follow the law encompasses the duty to recognize valid nonconforming uses—in this case a tavern—and thereby exempt relators' property from the application of otherwise valid zoning ordinances enacted subsequent to the inception of the use. "A zoning ordinance may be valid generally, yet invalid in its application to a specific tract." *Herman Glick Realty Co. v. St. Louis County,* 545 S.W.2d 320, 324 (Mo.App.1976).

Hazelwood makes much ado that in its order the trial court indicated that the City Council acted in a legislative rather than administrative capacity in denying the permit. While not necessarily determining whether the trial court was correct in its reasoning, we do find that it reached the correct result in issuing the mandamus. Having determined that there was no conditional impediment to the issuing of the liquor license except for the improper application of the zoning ordinance, the City Council was required to discharge its purely ministerial duty to issue the license. Such ministerial action was properly compelled by mandamus. *State ex rel. Patterson v. Tucker,* 519 S.W.2d 22 (Mo.App.1975).

■ Hazelwood next charges the trial court with error in excluding as irrelevant police reports of police disturbances and motor vehicle accidents adjacent to or in the direction of the tavern. Hazelwood argues that these reports were the basis for some of the City Council's votes to deny the special use permit, which denial was subsequently the basis for the denial of the liquor license. The argument is irrelevant. At the hearing on the liquor license application, the City Council never considered any evidence of peace disturbances or motor vehicle accidents associated with the operation of the bar by prior tenants. In a contested case, Hazelwood would be in no position to allege that it based its determi-

nation on evidence not before it when it made its decision, *State ex rel. Steak n Shake, Inc. v. City of Richmond Heights,* 560 S.W.2d 373 (Mo.App.1977). "As a general rule judicial review of administrative decisions is limited to matters that arose before the administrative agency and 'deals only with the questions of law that appear on the face of the record,' thus precluding consideration of evidence other than that before the agency." *Gore v. Wochner,* 558 S.W.2d 333, 334 (Mo.App.1977). Hazelwood could not ask the courts to uphold its action for reasons not stated in its decision. The sole reason given for denial of the liquor license at the hearing was "noncompliance with the Municipal Code." "The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *Missouri Pacific R. Co. v. United States,* 203 F.Supp. 629, 632 (E.D.Mo.1962), quoting *Securities & Exchange Commission v. Chenery Corp.,* 318 U.S. 80, 87 (1943). However, since we have ruled this to be a noncontested case, review is de novo, § 536.150, RSMo 1969; *Karzin v. Collett,* 562 S.W.2d 397 (Mo.App.1978). But, even so, there is no ground for denying relators' license. While the evidence which Hazelwood sought to introduce might serve as basis for denying a special use permit, it would not support a denial of a liquor license under the Hazelwood Municipal Code, § 4–8. Under our ruling, evidence which would support the denial of a conditional use permit is irrelevant to the issue of whether or not a liquor license should be issued.

■ Hazelwood's final contention is that the court erred in finding that the City Council's refusal to grant a special use permit had already been determined in prior litigation. Its brief does not state how this error could have led the court to an erroneous conclusion but merely states that the prior litigation was irrelevant. This point makes no difference to the decision. The trial court reached the correct result in issuing the mandamus. The reasoning regarding prior judicial determination, even if incorrect, does not affect the proper result

ordered. *Farm Bureau Mut. Ins. Co. v. Broadie,* 558 S.W.2d 751 (Mo.App.1977).

Judgment affirmed.

REINHARD, P. J., and CRIST, J., concur.