STATE of Missouri, ex rel., C.C. DILLON
COMPANY, d/b/a Gravois & Lindbergh
66, Relator/Respondent,

v.

Kenneth L. VOGEL, et al.,
Defendants/Appellants.

No. 70793.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 20, 1997.

Jones, Korum, Waltrip & Jones, Robert C. Jones, Clayton, for Appellant.

King, Koster, King, Hellmich & Hentz, L.L.C., Kevin L. King, St. Louis, for Respondent.

PUDLOWSKI, Judge.

Appellants, the Mayor, Kenneth L. Vogel and the Board of Aldermen of the City of Sunset Hills (collectively, the Board), appeal the judgment of the Circuit Court of St. Louis County which issued a writ of mandamus ordering the Board to grant a liquor license to respondent/relator C.C. Dillon Company (Dillon).

The question before this court is whether a municipality is able to deny a liquor license to an applicant who qualifies in all legal aspects and had conducted the sale of package liquor prior to the annexation into the municipality.

### FACTS

Dillon owns a parcel of real property that was in unincorporated St. Louis County but was annexed into the City of Sunset Hills on November 9, 1995. On this parcel Dillon sold self-service gasoline, soda, milk, beer, candy, snack items, cigarettes, tobacco products, a limited line of groceries, potato chips and coffee. In addition, there is a ATM machine. The inventory value is approximately $23,000. The costs of the improvements of the new facility were $589,000 and the land value is $225,000.

Prior to the annexation Dillon had a State of Missouri original package license and a Sunday original liquor license. In addition, Dillon also had a St. Louis County original 5% package beer license and an original 5% package beer Sunday license.

On August 29, 1995, Dillon integrated its fuel service operation with the purveying of the aforementioned products under the same roof. After the annexation, Dillon applied to the City of Sunset Hills for the appropriate liquor license. On November 29, 1995, the City clerk advised Dillon that upon expiration of the St. Louis County's license a renewal would not be issued. However, Dillon could appear before the Board and orally request its consideration for the issuance of an original package liquor license.[1]

---

1. For simplicity sake we will refer in this opinion to the original package liquor license as a li-   cense.

The Board met and, after a hearing, decided to deny Dillon's application for a license. There was no obstacle to Dillon's personal qualifications for a liquor license and the Board allowed Dillon to continue to sell the packaged liquor until the other licenses expired. Upon receipt of the decision, Dillon filed its petition for a writ of mandamus seeking the St. Louis County Circuit Court to order the Board to issue a license. The trial court, after a hearing, ordered the Board to issue a license to Dillon.

Dillon sought relief in Count I of its petition on the theory that the annexation and subsequent zoning created for Dillon a legal non-conforming use under the ordinances of Sunset Hills and, therefore, the denial of approval of its license application denied Dillon a vested right. Dillon alleges that the denial is illegal, arbitrary, capricious, unreasonable and unlawful.

Count II asserted that mandamus should be granted, in the alternative, because Dillon's business met the qualifications, liability and standards set out in the Sunset Hills ordinance § 4-63 through § 4-67. The Board filed a motion to strike certain allegations and the prayer for attorney's fees and answered both counts of the amended petition.

At trial, the court sustained the Board's motion to strike certain allegations and also the prayer for attorney's fees. Subsequently, the court ruled in favor of Dillon on count I and ordered the license to issue by approving Dillon's application forthwith. As to Count II, the court ruled that its judgment in Count I renders Count II moot. No finding of facts or conclusions of law accompanied the judgment.

The Board appeals the judgment granting mandamus as to Count I and contends that Count II is not moot and the court erred in its judgments.

■ On this appeal the concern of this court is whether or not the trial court reached a correct result. We need not determine what reasons may have guided the trial court to its judgment or whether those reasons were right or wrong. A litigant seeking a writ of mandamus must show that it is possessed of a clear and unequivocal right to the remedy. *State ex rel. Patterson v. Tucker*, 519 S.W.2d 22, 24 (Mo.App.1975).

To this end, the Board claims in its first point on appeal that Dillon did not have a clear right to mandamus because it did not have a legal non-conforming use because there was no change in the zoning classification. As such, the Board contends that this is a licensing issue and not a zoning matter. Therefore, the non-conforming use issue is not relevant.

In response Dillon asserts that it had a prior non-conforming use in the utilization of its property to sell package liquor and that the annexation was tantamount to a zoning change. Dillon contends, and this court has held, that the legality of a non-conforming use of property is vested by the use and not by the ownership of the tenancy. *State ex rel. Keeven v. City of Hazelwood*, 585 S.W.2d 557, 560 (Mo.App.1979). The *Keeven* opinion found that a property owner had a non-conforming use in the operation of the property as a tavern prior to a subsequently enacted zoning ordinance and, therefore, was entitled to operate his tavern without a special license. Dillon argues that *Keeven* is directly on point and that it had a vested right in the use of its property to sell package liquor.

We conclude the ultimate question is whether the Board has the authority to deny a property owner a liquor license who had a preexisting non-conforming use (sale of liquor) prior to the annexation of its property into Sunset Hills.

In *State v. Sappington*, 266 S.W.2d 774 (Mo.App.1954) a druggist was refused a license to sell intoxicating liquor in the original package in a particular zone because his application was subsequent to a zoning enactment forbidding the sale of liquor. He complained because another druggist in the same zone had a liquor license. The court held that the druggist did not have a license prior to the enactment of the zoning ordinance and, therefore, he had no lawful right to a license as did the other druggist. *Id.* p. 778.

In *State ex rel. Capps v. Bruns*, 353 S.W.2d 829 (Mo.App.1962), an owner of a

junk yard filed a writ of mandamus seeking an issuance of an order requiring the City of St. Joseph to issue a city license to operate his business. The owner operated his junk yard in full compliance with all lawful requirements prior to the enactment of the ordinance which was zoned for two family dwellings. Therefore, the trial court held that his use of the property as a junk yard constituted a non-conforming use under the present zoning ordinances. However, the prior use was lawful and such use and operation of such business was a continuance of a vested right of which the city could not deprive the owner. *Id.* at 830.

■ As mentioned earlier, the Board contends that the rejection of Dillon's application was a licensing matter and had nothing to do with a zoning issue. Actually, the determinant in this case is the annexation which caused Dillon to be subjected to the ordinances of another governmental entity which requires another liquor license to conduct its business. Judge Gunn, in *Keeven*, quoted the following passage in *Bruns:* "Manifestly, where a person is lawfully conducting a business in a certain area, he has a vested right to continue, even though such business use has become, by reason of changed zoning a non-conforming use. To then say that the city, by the simple expedient of first requiring and then denying him a license, could destroy such a vested right and put him out of business, would be absurd and unreasonable. Such is not the law." *Id.* at 560. The same rationale applies where annexation has created the non-conforming use. *Keeven,* therefore, does apply to the instant case. To paraphrase Judge Gunn in *Keeven* at 561, the Board's contention that Dillon did not have a legal non-conforming use is too fenestrated to hold legitimate reasoning and is contrary to established recognition of such use.

There is no ground for denying the relator's (Dillon's) license. Dillon had a clear and unequivocal right. The law and the evidence support the recognition of relator's preexisting nonconforming use and does not support the denial of a liquor license under Sunset Hills Ordinance § 4–63 through § 4–69.

We, therefore, affirm the trial court's judgment.

CRANE, P.J., and GERALD M. SMITH, J., concur.