**Humphrey SANDERS, d/b/a Showplace, Plaintiff-Appellant,**

v.

**CITY OF BRIDGETON, Mo., et al., Defendant-Respondent.**

No. 49698.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 24, 1985.

Motion for Rehearing and/or Transfer
Denied Jan. 21, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Harvey Feldman, St. Louis, for plaintiff-appellant.

William A. Richter, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the trial court's order granting respondent's motion for summary judgment in plaintiff's declaratory judgment action challenging an ordinance of the City of Bridgeton. We affirm.

Plaintiff does business as Showplace in Bridgeton, and is licensed to sell liquor by

the drink. Showplace offers live entertainment in the form of women dancing on a raised dance floor, "clad in costumes." The Bridgeton ordinance prohibits certain defined sexually oriented acts or entertainment from occurring in establishments offering alcoholic beverages for sale for consumption on the premises. Basically it prohibits nude or semi-nude entertainment. Plaintiff challenged the ordinance in his petition on constitutional grounds. On appeal plaintiff raises three points: (1) there are genuine issues of fact, (2) the ordinance infringes on plaintiff's free speech and expression rights, and (3) declaratory and injunctive relief is appropriate.

Plaintiff's attack on the ordinance is to its facial validity. While he also alleges arbitrary enforcement the only allegations supporting such a charge are the invalidity of the ordinance itself. The facial validity of the ordinance is a matter of law. There are no material facts in dispute.

██ Under the Twenty-First Amendment to the U.S. Constitution the state has the power to ban the sale of liquor within its boundaries. *New York State Liquor Authority v. Bellanca,* 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981) [1, 2]. That power includes the lesser power to regulate the time, places and circumstances under which liquor may be sold and specifically includes the power to ban sexually oriented entertainment on licensed premises even where that entertainment is not obscene or pornographic. *Bellanca, supra* [1, 2] [3]; *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972) [4]; *Queen of Diamonds, Inc. v. McLeod,* 680 S.W.2d 289 (Mo.App.1984) [2]. The power of the State of Missouri has been delegated to municipalities including Bridgeton. § 311.220.2, RSMo. 1978. Regulations of this type enjoy a presumption of

validity. The city need have only a rational basis for the restriction, and the banning of sexually oriented activities at places that sell liquor by the drink has consistently been held to be rational. *Bellanca, supra* [3]; *LaRue, supra* [13]; *The Blatnik Company v. Ketola,* 587 F.2d 379 (8th Cir. 1978) [5]; *Paladino v. City of Omaha,* 471 F.2d 812 (8th Cir.1972) [2, 3].[1] The ordinance is not facially unconstitutional. Only if the ordinance is found to be unconstitutional or invalid with its enforcement resulting in an irreparable injury to a property right will an injunction lie. *Burnau v. Whitten,* 642 S.W.2d 346 (Mo. banc 1982) [1, 2]; *Dae v. City of St. Louis,* 596 S.W.2d 454 (Mo.App.1980) [2-4]. Plaintiff was entitled to no relief on his petition for declaratory and injunctive relief.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.

---

1. Plaintiff contends that no evidence was developed of any adverse effects on the public from the interaction of nude dancing and sale of alcoholic beverages, and relies upon *Grand Faloon Tavern, Inc. v. Wicker,* 670 F.2d 943 (11th Cir.1982). That case arose in Florida which has not delegated to its municipalities its powers under the Twenty-First Amendment. The review there was whether the municipality had acted validly under its police powers by meeting the four part test of *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). The cases under the Twenty-First Amendment do not impose this requirement. The city council of Bridgeton found that "any form of nudity coupled with alcohol in a public place promotes or tends to promote disturbances, breaches of the peace, or immorality ..." If findings are required they have been made here. *Bellanca, supra.* [3].