Dear Representative Lynn:
This opinion is in response to your questions asking:
 Do the preemption provisions of Section 573.080 RSMo. prohibit a municipality from enacting ordinances which would regulate:
 (a) Location of adult-oriented book stores, movie houses, and other businesses that deal in explicit sexual material, by means of zoning regulations? . . .
 (b) Display of explicit sexual material and material depicting nudity, including bare female breasts, when such material is displayed within the premises of a business establishment in such fashion as to be visible to minors who enter into the premises, but is not otherwise visible from a street, highway, or public sidewalk, or from the property of others? . . .
 (c) Issuance, suspension, or revocation of a municipal business license under circumstances where a particular individual or business establishment has been convicted for one or more violations of the provisions of Chapter 573 RSMo., by means of utilizing the conviction as a triggering device that would result in refusal to issue a business license, suspension of an existing business license, or revocation of an existing business license for those business establishments dealing in explicit sexual materials? . . .
 (d) Nude dancing by performers in business establishments which either serve alcoholic beverages on the premises, or permit consumption of alcoholic beverages on the premises? . . .
 (e) The public display of explicit sexual material by means of adopting in its entirety the language of Section 573.010(2) RSMo. "displays publicly", and by adding thereto the additional language "or from any portion of the person's store, or the exhibitor's store or property when items and merchandise other than this material are offered for sale to the public"? . . .
We understand your question concerns certain proposed local legislation for the City of Springfield, Missouri, which is a constitutional charter city governed by the provisions of Missouri Constitution, Article VI, Section 19(a). See,e.g., Cape Motor Lodge, Inc. v. City of Cape Girardeau,706 S.W.2d 208 (Mo. banc 1986). See also Section 71.010, RSMo 1978.
We believe the questions presented relate only to the preemption statute, Section 573.080, RSMo Supp. 1984, and do not relate to the validity of any particular proposed ordinance. With this limitation in mind, our analysis of the questions presented is as follows:
Section 573.080, RSMo Supp. 1984, states:
 The general assembly by enacting this chapter intends to preempt any other regulation of the area covered by section 573.020, to promote statewide control of pornography, and to standardize laws that governmental subdivisions may adopt in other areas covered by this chapter. No governmental subdivision may enact or enforce a law that makes any conduct in the area covered by section 573.020 subject to a criminal or civil penalty of any kind. Cities and towns and counties of the first class having a charter form of government may enact and enforce laws prohibiting and penalizing conduct subject to criminal or civil sanctions under other provisions of this chapter, but the provisions of such laws shall be the same and authorized penalties or sanctions under such laws shall not be greater than those of this chapter.
Section 573.020, RSMo 1978, provides:
 1. A person commits the crime of promoting pornography in the first degree if, knowing its content and character:
 (1) He wholesale promotes or possesses with the purpose to wholesale promote any pornographic material; or
 (2) He wholesale promotes for minors or possesses with the purpose to wholesale promote for minors any material pornographic for minors.
 2. Promoting pornography in the first degree is a class D felony.
Section 573.025, RSMo Supp. 1985, provides:
 1. A person commits the crime of promoting child pornography in the first degree if, knowing its content and character, he photographs, films, videotapes, produces, publishes or otherwise creates child pornography, or knowingly causes another to do so.
 2. Promoting child pornography in the first degree is a class B felony, and upon conviction an additional fine of at least five thousand dollars, but not more than five hundred thousand dollars may be added to any other penalties imposed by law.
Section 573.030, RSMo 1978, provides:
 1. A person commits the crime of promoting pornography in the second degree if, knowing its content and character, he:
 (1) Promotes or possesses with the purpose to promote any pornographic material for pecuniary gain; or
 (2) Produces, presents, directs or participates in any pornographic performance for pecuniary gain.
 2. Promoting pornography in the second degree is a class A misdemeanor.
Section 573.035, RSMo Supp. 1985, provides:
 1. A person commits the crime of promoting child pornography in the second degree if, knowing its content and character, he:
 (1) Sells, delivers, exhibits or otherwise makes available, or offers or agrees to sell, deliver, exhibit, or otherwise make available, any child pornography; or
 (2) Buys, procures or possesses child pornography with the purpose to furnish it to others.
 2. Promoting child pornography in the second degree is a class D felony, and upon conviction an additional fine of at least five thousand dollars, but not more than five hundred thousand dollars may be added to any other penalties imposed by law.
Section 573.040, RSMo 1978, provides:
 1. A person commits the crime of furnishing pornographic material to minors if, knowing its content and character, he:
 (1) Furnishes any material pornographic for minors, knowing that the person to whom it is furnished is a minor or acting in reckless disregard of the likelihood that such person is a minor; or
 (2) Produces, presents, directs or participates in any performance pornographic for minors that is furnished to a minor knowing that any person viewing such performance is a minor or acting in reckless disregard of the likelihood that a minor is viewing the performance.
 2. Furnishing pornographic material to minors is a class A misdemeanor.
Section 573.050, RSMo Supp. 1985, provides:
 1. In any prosecution under this chapter evidence shall be admissible to show:
 (1) What the predominant appeal of the material or performance would be for ordinary adults or minors;
 (2) The literary, artistic, political or scientific value of the material or performance;
 (3) The degree of public acceptance in this state and in the local community;
 (4) The appeal to prurient interest in advertising or other promotion of the material or performance;
 (5) The purpose of the author, creator, promoter, furnisher or publisher of the material or performance.
 2. Testimony of the author, creator, promoter, furnisher, publisher, or expert testimony, relating to factors entering into the determination of the issues of pornography, shall be admissible.
 3. In any prosecution for promoting child pornography in the first or second degree, the determination that the person who participated in the child pornography was younger than eighteen years of age may be made as set forth in section 568.100, RSMo, or reasonable inferences drawn by a judge or jury after viewing the alleged pornographic material shall constitute sufficient evidence of the child's age to support a conviction.
 4. In any prosecution for promoting child pornography in the first or second degree, no showing is required that the performance or material involved appeals to prurient interest, that it lacks serious literary, artistic, political or scientific value, or that it is patently offensive to prevailing standards in the community as a whole.
Section 573.060, RSMo 1978, provides:
 1. A person commits the crime of public display of explicit sexual material if he knowingly:
 (1) Displays publicly explicit sexual material; or
 (2) Fails to take prompt action to remove such a display from property in his possession after learning of its existence.
 2. Public display of explicit sexual material is a class A misdemeanor.
Section 573.070, RSMo 1978, provides:
 1. Whenever material or a performance is being or is about to be promoted, furnished or displayed in violation of sections 573.030, 573.040 or 573.060, a civil action may be instituted in the circuit court by the prosecuting or circuit attorney or by the city attorney of any city, town or village against any person violating or about to violate those sections in order to obtain a declaration that the promotion, furnishing or display of such material or performance is prohibited. Such an action may also seek an injunction appropriately restraining promotion, furnishing or display.
 2. Such an action may be brought only in the circuit court of the county in which any such person resides, or where the promotion, furnishing or display is taking place or is about to take place.
 3. Any promoter, furnisher or displayer of, or a person who is about to be a promoter, furnisher or displayer of, the material or performance involved may intervene as of right as a party defendant in the proceedings.
 4. The trial court and the appellate court shall give expedited consideration to actions and appeals brought under this section. The defendant shall be entitled to a trial of the issues within one day after joinder of issue and a decision shall be rendered by the court within two days of the conclusion of the trial. No restraining order or injunction of any kind shall be issued restraining the promotion, furnishing or display of any material or performance without a prior adversary hearing before the court.
 5. A final declaration obtained pursuant to this section may be used to form the basis for an injunction and for no other purpose.
 6. All laws regulating the procedure for obtaining declaratory judgments or injunctions which are inconsistent with the provisions of this section shall be inapplicable to proceedings brought pursuant to this section. There shall be no right to jury trial in any proceedings under this section.
Section 573.010, RSMo Supp. 1985, provides:
As used in this chapter:
 (1) "Child pornography" means any material or performance depicting sexual conduct, sexual contact, or a sexual performance as these terms are defined in section 556.061, RSMo, and which has as one of its participants or portrayed actual observers a child under the age of eighteen; provided, that it shall not include material which is not the visual reproduction of a live event;
 (2) "Displays publicly" means exposing, placing, posting, exhibiting, or in any fashion displaying in any location, whether public or private, an item in such a manner that it may be readily seen and its content or character distinguished by normal unaided vision viewing it from a street, highway or public sidewalk, or from the property of others;
 (3) "Explicit sexual material" means any pictorial or three dimensional material depicting human masturbation, deviate sexual intercourse, sexual intercourse, direct physical stimulation or unclothed genitals, sadomasochistic abuse, or emphasizing the depiction of post-pubertal human genitals; provided, however, that works of art or of anthropological significance shall not be deemed to be within the foregoing definition;
 (4) "Furnish" means to issue, sell, give, provide, lend, mail, deliver, transfer, circulate, disseminate, present, exhibit or otherwise provide;
 (5) "Material" means anything printed or written, or any picture, drawing, photograph, motion picture film, or pictorial representation, or any statute or other figure, or any recording or transcription, or any mechanical, chemical, or electrical reproduction, or anything which is or may be used as a means of communication. "Material" includes undeveloped photographs, molds, printing plates and other latent representational objects;
 (6) "Minor" means any person under the age of eighteen;
 (7) "Nudity" means the showing of post-pubertal human genitals or public area, with less than a fully opaque covering;
 (8) "Performance" means any play, motion picture film, videotape, dance or exhibition performed before an audience;
 (9) "Pornographic", any material or performance is pornographic if, considered as a whole, applying contemporary community standards:
 (a) Its predominant appeal is to prurient interest in sex; and
 (b) It depicts or describes sexual conduct in a patently offensive way; and
 (c) It lacks serious literary, artistic, political or scientific value.
 In determining whether any material or performance is pornographic, it shall be judged with reference to its impact upon ordinary adults;
 (10) "Pornographic for minors", any material or performance, except material which is not the visual reproduction of a live event, is pornographic for minors if it is primarily devoted to description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sadomasochistic abuse;
 (11) "Promote" means to manufacture, issue, sell, provide, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, present, exhibit, or advertise, or to offer or agree to do the same;
 (12) "Sadomasochistic abuse" means flagellation or torture by or upon a person as an act of sexual stimulation or gratification;
 (13) "Sexual conduct" means acts of human masturbation; deviate sexual intercourse; sexual intercourse, or physical contact with a person's clothed or unclothed genitals, public area, buttocks, or the breast of a female in an act of apparent sexual stimulation or gratification;
 (14) "Sexual excitement" means the condition of human male or female genitals when in a state of sexual stimulation or arousal;
 (15) "Wholesale promote" means to manufacture, issue, sell, provide, mail, deliver, transfer, transmute, publish, distribute, circulate, disseminate, or to offer or agree to do the same for purposes of resale.
 I. Zoning Ordinances
Your first question asks whether Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting ordinances regulating the location of adult-oriented bookstores, movie houses, and other businesses which deal in explicit sexual material by means of zoning regulations.
In State ex rel. Glendinning Companies of Connecticut,Inc. v. Letz, 591 S.W.2d 92, 95-96 and 101-103 (Mo.App. 1979), the issue was whether Section 572.100, RSMo 1978 (a statute preempting "any other regulation of the area covered by this chapter [— a chapter relating to gambling]"), preempted the Supervisor of Liquor Control from promulgating a rule, 11 CSR 70-2.140(12) (now, 11 CSR 70-2.140(10)), prohibiting liquor licensees from allowing any gambling on their licensed premises.
The court stated that the Supervisor's rule was not aimed at gambling per se and did not purport to make gambling unlawful or attach any penalty thereto. Instead, the Supervisor's rule was aimed at the separation of the business of selling alcohol from various species of unlawful activity;i.e., the rule was aimed at the regulation of the sale of alcoholic beverages. Because the purpose behind the rule was the regulation of the business of selling alcoholic beverages and such had only a tangential or consequential effect on gambling, the Supervisor's rule was not preempted by Section572.100, RSMo 1978. The Glendinning case has been cited with approval in Mid-State Distributing Company v. City ofColumbia, 617 S.W.2d 419, 430 n. 5 (Mo.App. 1981).
The apparent purpose of the zoning ordinance described in your question would be the appropriate location of structures. Zoning ordinances generally do not prohibit or regulate "pornography" in any sense, nor do they attach any penalty to "pornography". Zoning ordinances are generally aimed at the regulation of the location of structures. Accordingly, under the reasoning used in Glendinning, we conclude that zoning ordinances enacted with the real purpose of regulating the location of adult-oriented bookstores, movie houses, and other businesses which deal in explicit sexual material are not preempted by Section 573.080, RSMo Supp. 1984.
 II. The Display of Explicit Sexual Material Inside Buildings
Your second question asks if Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting ordinances which would regulate the display of explicit sexual material and material depicting nudity, including bare female breasts, when such material is displayed within the premises of a business establishment in such a fashion as to be visible to minors who enter into the premises, but when such material is not visible from a street, highway, or public sidewalk, or from the property of others.
In part, Section 573.080, RSMo Supp. 1984, states a legislative intent to standardize laws which governmental subdivisions may adopt in areas covered by Chapter 573, RSMo, other than the area covered by Section 573.020, RSMo 1978. The statute then states that cities and towns may enact and enforce laws prohibiting and penalizing conduct subject to criminal or civil sanctions under the provisions of Chapter 573, RSMo, other than the provisions of Section 573.020, RSMo 1978, but the provisions of the local laws must be the same as those in Chapter 573, RSMo, and the authorized penalties or sanctions cannot be greater than those specified in Chapter 573, RSMo.
Section 573.060, RSMo 1978, quoted above, creates the crime of Public Display of Explicit Material, which, in part, sanctions a person who displays publicly explicit sexual material. In part, the definition of the term "displays publicly" in Section 573.010(2), RSMo Supp. 1985, quoted above, contains the requirement that the item "may be readily seen and its content or character distinguished by normal unaided vision viewing it from a street, highway or public sidewalk, or from the property of others". Section 573.040, RSMo 1978, creates the crime of Furnishing Pornographic Materials to Minors. "Furnish" is defined in Section 573.010(4), RSMo Supp. 1985, to include "exhibit". "Pornographic for minors" is defined in Section 573.010(10), RSMo Supp. 1985.
As it is the express intent of the General Assembly to standardize laws that governmental subdivisions may adopt in areas covered by Chapter 573, RSMo, other than Section 573.020, RSMo 1978, Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting an ordinance regulating the display of explicit sexual material and material depicting nudity, including bare female breasts, when such material is displayed within the premises of a business establishment in such a fashion as to be visible to minors who enter into the premises, but such material is not otherwise visible from a street, highway, or public sidewalk, or from the property of others, except to the extent such ordinance is in accordance with the provisions of Section 573.040, RSMo 1978.
 III. Municipal Business Licenses
Your third question asks if Section 573.080, RSMo Supp. 1984, preempts municipalities from enacting ordinances regulating the issuance, suspension, or revocation of a municipal business license under circumstances where a particular individual or business establishment has been convicted of one or more violations of the provisions of Chapter 573, RSMo, by means of utilizing the conviction as a triggering device which would result in refusal to issue a business license, suspension of an existing business license, or revocation of an existing business license for those business establishments dealing in explicit sexual material.
Section 573.080, RSMo Supp. 1984, provides in part: "No governmental subdivision may enact or enforce a law that makes any conduct in the area covered by section 573.020 subject to a criminal or civil penalty of any kind."
An ordinance of the type you describe in your question attaches a civil penalty to conduct in the area covered by Section 573.020, RSMo 1978, which is in addition to those provided by statute. Therefore, under the above-quoted language of Section 573.080, RSMo Supp. 1984, a municipality may not automatically refuse to issue, suspend, or revoke a business license on the ground that the applicant has violated Section573.020, RSMo 1978.
Section 573.080, RSMo Supp. 1984, also provides in part: "Cities and towns . . . may enact and enforce laws prohibiting and penalizing conduct subject to criminal or civil sanctions under other provisions of this chapter, but the provisions of such laws shall be the same and authorized penalties or sanctions under such laws shall not be greater than those of this chapter." We believe the foregoing language prohibits a municipality from enacting ordinances of the type described.See also Sections 561.016, RSMo 1978, and 314.200, RSMo Supp. 1984.
 IV. Nude Dancing in Businesses that Either Sell or Permit Consumption of Alcoholic Beverages on their Premises
Your fourth question asks if Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting an ordinance regulating nude dancing by performers in business establishments which either serve alcoholic beverages or permit the consumption of alcoholic beverages on the premises. To the extent the municipality is authorized to enact an ordinance regulating the serving and consumption of alcoholic beverages on the premises of business establishments, Section 573.080, RSMo Supp. 1984, does not preempt the municipality from regulating nude dancing by performers in such business establishments.
Section 573.030.1(2), RSMo 1978, creates the crime of Promoting Pornography in the Second Degree, and, in part, specifies that one of the ways to commit this crime is to produce, present, direct or participate in any pornographic performance for pecuniary gain under certain conditions. Section 573.010(8), RSMo Supp. 1985, defines the term "performance" to include dancing. Section 573.040.1(2), RSMo 1978, creates the crime of Furnishing Pornographic Materials to Minors, and, in part, specifies that one of the ways to commit this crime is to produce, present, direct or participate in any performance pornographic for minors under certain conditions. Again, Section 573.010(8), RSMo Supp. 1985, defines the term "performance" to include dancing. The last sentence in Section573.080, RSMo Supp. 1984, prohibits a municipality from enacting an ordinance prohibiting and penalizing conduct subject to criminal or civil sanctions under the provisions of Chapter 573, RSMo, other than Section 573.020, RSMo 1978, unless the contents of the ordinance are the same as the provisions in Chapter 573, RSMo, and the authorized penalties or sanctions under the ordinance are not greater than those in Chapter 573, RSMo.
However, an ordinance aimed at the regulation of alcoholic beverages and having only a tangential or consequential effect on nude dancing would not be preempted by Section 573.080, RSMo Supp. 1984. Queen of Diamonds, Inc. v. McLeod, 680 S.W.2d 289
(Mo.App. 1984) involved an ordinance of the City of St. Louis regulating the sale of intoxicating liquors. The ordinance in question prohibited a liquor licensee from permitting any disorderly conduct, or immoral dancing or lewd or indecent conduct on his licensed premises. The revocation of the liquor license for allowing lewd and indecent conduct on the premises was upheld. See also Peppermint Lounge v. Wright,498 S.W.2d 749 (Mo. 1973); Sanders v. City of Bridgeton,703 S.W.2d 76 (Mo.App. 1985).
Therefore, Section 573.080, RSMo Supp. 1984, does not preempt a municipality from enacting an ordinance regulating alcoholic beverages which has as an effect the regulation of nude dancing by performers.
 V. Adding to the Definition of the Term "Displays Publicly"
Your fifth question asks if Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting an ordinance regulating the public display of explicit sexual material by means of adopting in its entirety the language of Section573.010(2), RSMo Supp. 1985, defining the term "displays publicly" and adding thereto the following additional language: "or from any portion of the person's store, or the exhibitor's store or property when items and merchandise other than this material are offered for sale to the public".
This question presents essentially the same legal issue as that presented in your second question. We believe the last sentence in Section 573.080, RSMo Supp. 1984, preempts a municipality from enacting the type of ordinance described in your fifth question.
CONCLUSION
It is the opinion of this office that Section 573.080, RSMo Supp. 1984, (1) does not preempt a municipality from enacting an ordinance regulating the location of adult-oriented bookstores, movie houses, and other businesses which deal in explicit sexual material by means of zoning regulations, (2) preempts a municipality from enacting an ordinance regulating the display of explicit sexual material and material depicting nudity, including bare female breasts, when such material is displayed within the premises of a business establishment in such a fashion as to be visible to minors who enter into the premises, but such material is not otherwise visible from a street, highway, or public sidewalk, or from the property of others, except to the extent such ordinance is in accordance with the provisions of Section 573.040, RSMo 1978, (3) preempts a municipality from enacting an ordinance automatically revoking or suspending the business license of, or leading to the refusal to issue a business license to, one who has been convicted of a state-law violation under Chapter 573, RSMo, (4) does not preempt a municipality from enacting an ordinance regulating alcoholic beverages which has as an effect the regulation of nude dancing by performers, and (5) preempts a municipality from enacting an ordinance regulating the public display of explicit sexual material by means of adopting in its entirety the language of Section 573.010(2), RSMo Supp. 1985, defining the term "displays publicly" and by adding thereto the additional language, "or from any portion of the person's store, or the exhibitor's store or property when items and merchandise other than this material are offered for sale to the public".
Very truly yours,
 WILLIAM L. WEBSTER Attorney General