**MAINSTREET ENTERPRISES, INC.,**
**d/b/a Mainstreet Disco, Appellant,**

v.

**SUPERVISOR OF LIQUOR**
**CONTROL, Respondent.**

No. 46722.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 3, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 17, 1984.

Harvey I. Feldman, Clayton, for appellant.

John Ashcroft, Atty. Gen., Charles E. Smarr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Presiding Judge.

The Supervisor of Liquor Control (Supervisor) revoked appellant's (disco owner's) liquor license for allowing lewd conduct on the licensed premises in violation of 11 C.S.R. 70–2.130(14). The Administrative Hearing Commission upheld the revocation and the circuit court affirmed. We affirm the trial court's judgment.

Disco owner was licensed by Supervisor under Chapter 311, RSMo 1978, with a retail liquor-by-the-drink license. The establishment featured female dancers who danced in skimpy costumes to "disco" music. Two undercover government agents came to the premises on January 21, 1981, upon receipt of information the dancers would be going further than usual that evening. The dancers' costumes, as observed by the agents, were scant and very sheer. The dancers' breasts, nipples, buttocks and vaginal areas were clearly visible through the costumes. On several occasions during the dances, the maneuvers would cause the tops of the costumes to fall away and expose the full breast and nipple areas.

Two of the dancers were observed dancing toward various male patrons seated either at tables or barstools. The dancers would place one foot between, or next to, the patron's legs, and allow him to place one of his hands on her back, rubbing up and down on the back of the dancers' legs and across her buttocks, while the patron used the other hand in a like manner on the dancers' frontal area. The dancers would also dance toward male patrons and ask for a tip. They would then pull their panties out and away from their body, exposing the entire pubic region, and allow the patron to place paper money in the panties. Upon receipt of a tip, the girl would turn her back on the patron, bend over and look at him through her legs, exposing herself through her panties and exposing pubic hair over the outside of the low-cut panties.

Based upon the report of the two agents, on March 11, 1981, Supervisor revoked disco owner's liquor license, effective March 30, 1981. Upon application of disco owner under § 161.302, RSMo 1978, the Administrative Hearing Commission stayed the order of revocation pending the commission's review. A trial-type hearing was held on December 10, 1981, upon which the commission upheld the revocation. Disco owner petitioned for judicial review in the circuit court, which affirmed the decision. This appeal follows.

■ For its first point, disco owner asserts a lack of due process in that it was not afforded a pre-revocation evidentiary hearing. Section 311.680, RSMo 1978. It did, however, receive an evidentiary trial-type hearing prior to the effectiveness of Supervisor's revocation, having gained a stay of Supervisor's order pending review by the commission. Section 311.691, 161.-263, RSMo 1978; 4 C.S.R. 20–2.060(3)(B). Disco owner received its evidentiary hearing, § 161.272, RSMo 1978, and judicial review of the commission's decision, § 161.-332, RSMo 1978, without suffering any harm prior to the hearing. Disco owner suffered no deprivation of due process.

■ Disco owner asserts 11 C.S.R. 70–2.-130(14) is unconstitutionally vague with respect to the term "lewdness." That regulation provides:

No retail licensee shall allow in or upon his licensed premises any improper disturbances, lewdness, immoral activities, brawls, or any indecent, profane or obscene language, songs, entertainment, literature or advertising material, nor shall any licensee cause to have printed or distributed any lewd, immoral, indecent or obscene literature or advertising material.

Disco owner cites as its only authority the Fourteenth Amendment to the United States Constitution. The argument portion

of the brief does not show wherein and why the regulation was vague.

Disco owner's unsupported assertion overlooks the fact the term "lewdness" has been held sufficient to inform actors what conduct will subject them to liability. Acts of lewdness constituted criminal offenses at common law and the word and its definition are of common use. See, *400 Club, Inc. v. Canjar,* 523 P.2d 141 (Colo.App. 1974); *In re Tahiti Bar,* 395 Pa. 355, 150 A.2d 112 appeal dismissed, 361 U.S. 85, 80 S.Ct. 159, 4 L.Ed.2d 116 (1959); *LaMar's Enterprises, Inc. v. Oregon Liquor Control Commission,* 18 Or.App. 77, 524 P.2d 336 (1974); *Palm Gardens, Inc. v. Oregon Liquor Control Commission,* 15 Or.App. 20, 514 P.2d 888 (1973); *Corral, Inc. v. Washington State Liquor Control Board,* 17 Wash.App. 753, 566 P.2d 214 (1977). *Cf. Wright v. Town of Huxley,* 249 N.W.2d 672 (Iowa 1977); *City of Revere v. Aucella,* 369 Mass. 138, 338 N.E.2d 816 (1975); *State v. Kueny,* 215 N.W.2d 215 (Iowa 1974); *Wishnow v. State,* 638 S.W.2d 83 (Tex.App. 1982). See generally, Annot., Nude Entertainment as Public Offense, 49 A.L.R.3d 1084 (1973). Although a regulation containing greater specificity may be desirable, the present regulation does not fail on account of vagueness.

Finally, disco owner alleges the dancers' activities were protected by the constitutional rights of freedom of speech and expression guaranteed by the First and Fourteenth Amendments to the United States Constitution. The brief is devoid of facts showing the activities of the dancers were protected by these amendments. Disco owner relies on *Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 101 S.Ct. 2176, 68 L.Ed.2d 671 (1981) for the proposition that even nude dancing (a loose approximation of the activity here) is constitutionally protected under some conditions. 452 U.S. at 66, 101 S.Ct. at 2181. Its reliance is misplaced in this context. *California v. LaRue,* 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972). Under the facts of this case as shown in the record on appeal, we are convinced that the revocation of disco owner's license is proper. *LaRue, supra.*

Judgment affirmed.

PUDLOWSKI, and SIMON, JJ., concur.