**QUEEN OF DIAMONDS, INC., a corporation, Plaintiff-Respondent,**

v.

**Honorable Arthur McLEOD, Excise Commissioner of the City of St. Louis, Defendant-Appellant.**

**No. 45009.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 2, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1984.

John J. Morton, Public Counsel, St. Louis, for defendant-appellant.

Murray Stone, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

The Excise Commissioner of the City of St. Louis appeals from an order of the circuit court of the City of St. Louis, reversing the Commissioner's order which revoked respondent Queen of Diamonds, Inc.'s liquor license for allowing lewd and indecent conduct on the premises of Joker's Wild in violation of § 372.140 of the Revised Code of the City of St. Louis. We reverse the order of the trial court and reinstate the order of the Commissioner revoking respondent's liquor license.

On November 5, 12, 19, and 20, agents of the Missouri Division of Liquor Control and St. Louis Police detectives visited the Joker's Wild bar in the City of St. Louis. Two agents testified that, on several occasions, female dancers in the bar exposed various parts of their bodies to patrons. Several dancers lifted their blouses off, completely exposing their breasts. One dancer re-

vealed her right breast, then unzipped her pants and lowered them to show her pubic area while allowing male patrons to place money in her pants. This dancer later returned to the stage area and untied the strings which held her blouse together, fully exposing her breasts. She then repeated her conduct of lowering her pants and allowing patrons to place money inside her panties. On other occasions, a "free-style" dance was performed by a dancer, in which she swayed to the music and exposed her breasts and pubic region, permitting money to be placed in her pants. There was also testimony that wet T-shirt contests were held. Female dancers wearing T-shirts without foundational garments underneath were sprayed with water to accentuate the contours of their breasts. They then danced for bar patrons. In response to shouts of "Take it off!" and "Let's see some skin," one dancer raised her T-shirt and exposed both breasts to the audience. On at least one occasion, a twenty-five dollar cash prize was awarded to one of the dancers declared by respondent's manager to be the winner on the basis of audience reactions.

In a hearing before the Excise Commissioner, respondent was found to have permitted "lewd and indecent conduct" in violation of § 372.140. On the basis of such finding, the Commissioner revoked respondent's City of St. Louis liquor license. The trial court reversed the decision of the Commissioner, holding that respondent's due process rights were violated, in that § 372.140 is unconstitutionally vague and that the evidence did not indicate "immoral dancing" or "lewd or indecent conduct" took place on the premises.

■ Appellant's first claim of error is that the trial court erred in reversing the Commissioner on the grounds that respondent's due process rights were violated. The trial court found, as a matter of law, that the language used in § 372.140 of the Revised Code of the City of St. Louis is unconstitutionally vague:

"No person licensed under the provisions of Chapters 376 or 377, his agent, serv-

ant or employee shall suffer or permit any disorderly conduct, or immoral dancing or lewd or indecent conduct on his licensed premises."

St. Louis, Mo., Rev. Ordinances ch. 372, § 372.140 (1962). We agree with appellant that the ordinance does not fail on account of vagueness and that respondent was not thereby deprived of its due process rights.

■ We recognize at the outset that we are concerned with an ordinance regulating the sale of intoxicating liquor. Those who are engaged in this line of business have:

' "no legal rights, save and except those expressly granted by license and the statute under which it is issued" ' and ' "the state may impose such conditions, burdens, and regulations as it may deem wise and proper, and no one who engages therein has a right to complain thereof." ' [Citation omitted.] In the eyes of the law the liquor business stands on a different footing from other pursuits and is separated or removed from the natural rights, privileges and immunities of the ordinary citizen.

*Peppermint Lounge v. Wright*, 498 S.W.2d 749, 752 (Mo.1973).

The perceived evil in a statute challenged for vagueness is that the language does not inform sufficiently what kind of conduct it prohibits. In *Mainstreet Enterprises, Inc. v. Supervisor of Liquor Control*, 665 S.W.2d 641, 643 (Mo.App.1984), this Court considered a claim of vagueness directed to a State liquor regulation which proscribed "lewdness" and said, "[a]lthough a regulation containing greater specificity may be desirable, the present regulation does not fail on account of vagueness." In the instant case, we have no doubt that a person of reasonable intelligence could readily perceive that the conduct here was prohibited by the ordinance.

■ Appellant would also reverse the trial court's order, arguing that the court erred in failing to find that the evidence disclosed that the female dancers were engaged in "lewd or indecent conduct" or "immoral dancing." We conclude that the

trial court erred in its findings; the evidence was sufficient to warrant a finding that the ordinance was violated.

Keeping in mind the different treatment to be accorded the liquor business in Missouri, *Peppermint Lounge, Inc.*, supra, we deem the ordinance an appropriate method of regulating conduct. The female dancers indeed may be said to have exhibited lewd or indecent conduct, i.e. sexually unchaste, licentious or lascivious behavior. Webster's Third New International Dictionary 1301 (4th ed. 1976). The ordinance was thereby violated, and the point is ruled for appellant.

■ Respondent advances an argument for affirming the trial court's judgment that was not referred to in its order. Because of our disposition of the case, we address the matter *ex gratia*. Respondent claims that the sections of the ordinances of the City of St. Louis alleged to have been violated were not introduced properly into evidence. At the hearing before the Excise Commissioner, the attorney for the Excise Division of the Department of Public Safety offered a certified copy of the City of St. Louis Liquor Ordinances into evidence. The Commissioner admitted the ordinances into evidence, over objections that all of the liquor ordinances were offered, rather than merely the three sections which respondent was charged with violating.[1]

■ It is clear that certified copies of city ordinances and pamphlets containing ordinances purporting to be published by authority of a city, are admissible into evidence, § 490.240, RSMo 1978. In a case of this nature, the ordinances which the moving party claims to have been violated are "a crucial element of proof..." *Queen of Diamonds, Inc. v. Quinn*, 569 S.W.2d 317, 319 (Mo.App.1978). We perceive no error in the Commissioner's receiving into evidence the booklet containing all of the liquor ordinances of the City of St. Louis.

The citations which were issued to the respondent and upon which the hearing was held properly pleaded the specific ordinances by section number, and the respondent could not have been prejudiced in any way by the inclusion of the other ordinances in the record. Respondent's argument is thus without merit.

The judgment of the trial court is reversed, and the Commissioner's order of revocation is reinstated.

GAERTNER, P.J., and SMITH, JJ., concur.

---

1. In addition to Ordinance § 372.140 which proscribes lewd or indecent conduct, respondent had also been charged with violations of § 372.100 (failure to operate an orderly place of business) and § 372.250 (failure to maintain visibility into the interior of the licensed premises). The latter two charges were dismissed by the Excise Commissioner.