795 F.2d 652
 D.C. and M.S., Appellants,
v.
The CITY OF ST. LOUIS, MISSOURI; Homer E. Sayad; Charles
W. Valier; Thomas Purcell; Robert F. Wintersmith; Vincent
C. Schoemehl, Jr.; Jerome Williams; John J. Frank; James
Mosbacher; Robert J. Baer; Jordan Lewis; Ronald Klier;
Roy Joachimstaler; Antoinette Filla; Fred Husman; Michael
Vierling, Individually and in Their Official Capacities, Appellees.
 No. 85-1979.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 12, 1986.
Decided July 9, 1986.
 
 Arlene Zarembka, St. Louis, Mo., for appellants.
 Judith Ronzio, St. Louis, Mo., for appellees.
 Before LAY, Chief Judge, ROSS and WOLLMAN, Circuit Judges.
 WOLLMAN, Circuit Judge.
 
 
 1
 Appellants, Daniel Clippard and Michael Shreves, who were arrested and charged respectively with cross-dressing (masquerading) and indecent or lewd conduct pursuant to Ordinance 15.30.010 of the Revised Code of the City of St. Louis, brought suit against the City of St. Louis, the St. Louis police officers who effected their arrests, the Board of Police Commissioners (Board), and the past and present members of the Board, challenging the constitutionality of their arrests and seeking damages under 42 U.S.C. Sec. 1983.
 
 
 2
 Clippard was arrested on October 25, 1982, and November 5, 1982, by St. Louis police officers and charged with violating that portion of the ordinance which prohibits any person from appearing "in any public place ... in a dress not belonging to his or her sex[.]" Without assistance of counsel, Clippard pleaded guilty to the October 25, 1982, charge and was released with "time served." Clippard was represented by counsel on the November 5, 1982, charge and pleaded not guilty. The court dismissed the charge on grounds of vagueness.
 
 
 3
 Shreves was performing as a female impersonator at a cabaret-type nightclub in St. Louis on January 14, 1984, when he was arrested and charged with violating that portion of the ordinance which prohibits "an indecent or lewd act of behavior." As a female impersonator, Shreves wore under his costumes hip pads, two pairs of tights, and eight or nine pairs of stockings. Depending on the act, Shreves dressed in a bodysuit, a dress, jeans, or an evening dress. Shreves' performance consisted of miming songs, various dance routines and stand-up comedy.
 
 
 4
 According to one of the arresting officers, Shreves was introduced on the night of his arrest by the previous performer as "Michelle Mouth." Shreves took the microphone from the other performer and simulated sucking on it. While on stage, Shreves permitted three hecklers to kiss his buttocks. At the end of his performance, Shreves, dressed in a bodysuit, bent back, cupped his genitals, and moaned and groaned.
 
 
 5
 Shreves moved to dismiss the charge on the ground that the ordinance was unconstitutional. The City did not file a response to this motion and instead "nolle prossed" the charge.
 
 
 6
 In their complaint, appellants named, inter alia, the Board and the individual members of the Board. The district court dismissed the Board as a party-defendant. The district court granted appellants' motion for partial summary judgment as to the constitutional invalidity of the cross-dressing provision but denied the motion as to the indecent or lewd conduct provision. The district court held that, "while more specificity might be desirable," the indecent or lewd conduct provision "is not so impermissibly vague on its face that it violates the due process clause of the fourteenth amendment." The district court reasoned that appellees may regulate public nudity and obscene behavior.
 
 
 7
 The district court denied Shreves' motion for a directed verdict and refused to instruct the jury to award Clippard at least nominal damages. The jury found in favor of Clippard against the City alone, awarding him no damages, and rendered a verdict against Shreves on all of his claims. The district court denied appellants' motion for judgment notwithstanding the verdict.
 
 
 8
 Appellants first argue that their motion for partial summary judgment with respect to the portion of the ordinance that prohibits indecent or lewd conduct should have been granted on the ground that the provision is unconstitutionally vague.
 
 Ordinance 15.30.010 provides:
 
 9
 Any person who shall, in this city, appear in any public place in a state of nudity or in a dress not belonging to his or her sex or in an indecent or lewd dress, or shall make an indecent exposure of his or her person, or be guilty of an indecent or lewd act of behavior shall be guilty of a misdemeanor.
 
 
 10
 The void-for-vagueness doctrine is embodied in the due process clauses of the fifth and fourteenth amendments. Postscript Enterprises, Inc. v. Whaley, 658 F.2d 1249 (8th Cir.1981). Due process requires that laws provide fair notice of what is prohibited, as well as standards of enforcement.
 
 
 11
 It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.
 
 
 12
 Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972) (footnotes omitted). See also Roberts v. United States Jaycees, 468 U.S. 609, 104 S.Ct. 3244, 3254, 82 L.Ed.2d 462 (1984); Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983); Colautti v. Franklin, 439 U.S. 379, 390-91, 99 S.Ct. 675, 683-84, 58 L.Ed.2d 596 (1979); United States v. Huckaby, 698 F.2d 915, 920 (8th Cir.1982), cert. denied, 460 U.S. 1070, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983); Postscript Enterprises, Inc., 658 F.2d at 1254; Casbah, Inc. v. Thone, 651 F.2d 551, 558 (8th Cir.1981), cert. denied, 455 U.S. 1005, 102 S.Ct. 1642, 71 L.Ed.2d 874 (1982); Geiger v. City of Eagan, 618 F.2d 26, 28 (8th Cir.1980).
 
 
 13
 When violations carry criminal penalties, a strict test of specificity is applied in reviewing the vagueness of a statute. Village of Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 498, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Garner v. White, 726 F.2d 1274, 1278 (8th Cir.1984); Murphy v. Matheson, 742 F.2d 564, 570 (10th Cir.1984).
 
 
 14
 Appellants maintain that the indecent or lewd conduct provision is unconstitutionally vague because (1) the phrase "indecent or lewd act of behavior" does not apprise persons of ordinary intelligence what conduct falls within the statute's proscriptions; (2) the statute fails to provide adequate and explicit enforcement guidelines; and (3) the statute infringes on activity protected by the first amendment.
 
 
 15
 In determining whether an ordinance is unconstitutionally vague, "courts traditionally have relied on the common usage of statutory language, judicial explanations of its meaning, and previous applications of the statute to the same or similar conduct." Postscript Enterprises, Inc., 658 F.2d at 1255, quoting Balthazar v. Superior Court, 573 F.2d 698, 700 (1st Cir.1978). See also United States v. Cox, 719 F.2d 285, 287 (8th Cir.1983), cert. denied, 466 U.S. 929, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984).
 
 
 16
 Appellants cite State v. Kueny, 215 N.W.2d 215, 218 (Iowa 1974), for the proposition that the common usage of the terms "indecent" and "lewd" "has eroded the effective employment of such terms in any statutory enactment, absent an attendant specific definition thereof, as descriptions of proscribed ultimate criminal conduct." We find this observation to be persuasive.
 
 
 17
 The ordinance itself containing no definition of the words "indecent or lewd act of behavior," we look to those decisions of the Missouri state courts that have discussed similar terms. For example, in Mainstreet Enterprises, Inc. v. Superior of Liquor Control, 665 S.W.2d 641, 643 (Mo.App.1984), the Missouri Court of Appeals held that the term "lewdness" as used in a regulation governing conduct in a retail liquor establishment "has been held sufficient to inform actors what conduct will subject them to liability. Acts of lewdness constituted criminal offenses at common law and the word and its definition are of common use." Likewise, in Queen of Diamonds, Inc. v. McLeod, 680 S.W.2d 289 (Mo.App.1984), the Missouri Court of Appeals held that the words "lewd and indecent conduct," as used in an ordinance prohibiting such conduct in a retail liquor establishment did not fail on account of vagueness, citing its earlier decision in Mainstreet Enterprises, Inc. Earlier, in City of St. Louis v. Mikes, 372 S.W.2d 508, 512 (Mo.App.1963), the court upheld the constitutionality of the predecessor to Ordinance 15.30.010 on the ground that "judges may know what falls within the classification of the decent, the chaste and the pure in either social life or in publications, and what must be deemed obscene and lewd and immoral and scandalous and lascivious." (Quoting State v. Becker, 364 Mo. 1079, 272 S.W.2d 283, 286 (Mo.1954).)
 
 
 18
 With all due respect to the foregoing state court decisions, we are not persuaded that they constitute a narrowing judicial interpretation of the challenged language of Ordinance 15.30.010 that would make constitutionally specific those terms that are otherwise unconstitutionally vague. Accordingly, we hold that the district court erred in not ruling that the ordinance is unconstitutionally vague insofar as it attempts to proscribe conduct by use of the words "indecent or lewd act of behavior."
 
 
 19
 In view of our holding on the vagueness issue, we need not address appellants' other challenges to the ordinance, nor need we reach the other issues raised on appeal.
 
 
 20
 Appellants have requested an award of reasonable damages. After a careful review of the record, we conclude that the facts do not justify an award of more than nominal damages. Accordingly, we remand the case to the district court with directions to award nominal damages. See Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); Hogue v. Clinton, 791 F.2d 1318 (8th Cir.1986); Hunter v. Auger, 672 F.2d 668 (8th Cir.1982).
 
 
 21
 To the extent that it holds the challenged language of the ordinance to be constitutional and denies appellants nominal damages, the judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion. In all other respects the judgment is affirmed.