**Dorthia VAUGHN, Plaintiff–Appellant,**

v.

**Alfred M. EMS, et al., Defendants–Respondents.**

**No. 52945.**

Missouri Court of Appeals, Eastern District. Division Five.

Jan. 26, 1988.

Marsha Brady, Hillsboro, for plaintiff-appellant.

Louis Nathan Laderman, Manchester, for defendants-respondents.

SIMEONE, Senior Judge.

This is an appeal by Dorthia Ann Vaughn from a judgment of the circuit court of Jefferson County affirming a decision of the duly elected officials and members of the council of the City of Arnold which declined to renew appellant's liquor license. Appellant makes a constitutional challenge to an ordinance of the City. We have jurisdiction. Art. V, § 3, Mo. Const.; *State ex rel. Payton v. City of Riverside,* 640 S.W.2d 137, 139 (Mo.App.1982). We affirm.

I.

Ms. Vaughn is the owner and sole proprietor of the Span Disco Lounge located in Arnold, Missouri and has operated that lounge since July 1, 1979. She was issued an annual retail liquor by the drink license since that date. On June 9, 1986, appellant made application for renewal of her license to sell liquor by the drink for the period July 1, 1986 through June 30, 1987. Her application was referred to and reviewed by the Public Works–Health and Safety Committee on which Paul Zimmerman, a council member, served. On June 17, 1986, the members of Public Works–Health and Safety Committee met and discussed, among other matters, liquor license renewals. The minutes of the committee show that all of the establishments "on the list" with the exception of the Span Disco, Inc. were recommended by the committee for approval. The committee recommended that the Span Disco license not be renewed. The minutes referred to inter-department police memoranda relating to a number of events which occurred at the Span Disco over the years. At the meeting of the city council on June 19, 1986, Councilman Zimmerman presented the minutes, the police department's memoranda, and the recommendation of the committee to the council regarding the non-renewal of the license. He moved to deny the renewal because of "their [Span Disco] failure to keep an orderly place of business." The minutes of the council show that the motion passed unanimously.

On June 20, 1986, Ms. Vaughn was notified by certified mail that her license was not renewed. The letter read as follows:

The Span Disco, Inc. has been recommended for non-renewal of the liquor license because of their failure to keep an orderly place of business. The council feels that it is not in the best interests of the city to grant another license to the Span Disco, Inc. due to the increasing frequency and severity of the problems which have occurred at this establishment since January, 1979, and because it is likely that it will continue in the future.

On July 14, 1986, pursuant to § 536.150, R.S.Mo., Ms. Vaughn filed her "Petition For Review of Denial of Liquor License," against the mayor, members of the city council and city clerk in the circuit court of Jefferson County. She alleged that the denial to renew her license was "unlawful and invalid" in that (1) she had never been cited for violating any ordinance which prohibited disorderly conduct on her premises; (2) the denial is "wholly unauthorized" by reason of § 311.220; (3) the discretion vested in the city council by virtue of Section 3–44.1[1] Ordinance No. 4.2 is "unconstitu-

---

1. Section 3–44.1 is part of a comprehensive code relating to alcoholic beverages. The code deals with detailed regulation of the sale of liquor including hours of sale, reports, licenses, labeling, possession, sale and consumption. Article II deals with licenses, applications therefor, fees and eligibility. The article provides that no person shall be granted a license unless the person is of good moral character, a citizen, qualified voter, taxpayer, who has been convicted, or who employs in the business any employ-

ee whose license has been revoked or convicted. The code prohibits gambling on the premises and no person licensed "shall suffer or permit any disorderly conduct" or immoral dancing on the premises.

Section 3–44.1, adopted in 1979, provides that "[t]he city council may refuse to issue a liquor license or nonintoxicating beer license if, *in its discretion, it is not advisable to grant it to the applicant,* or if the proposed location is unsatisfactory, *or if it is not in the best interests of the*

tional"; and (4) the denial is "unreasonable, arbitrary, capricious, and an abuse of discretion." She prayed that the court order the defendants to renew her "liquor by the drink license."

The parties entered into a joint stipulation of facts. The stipulation recited that Ms. Vaughn had been issued a liquor license since July 1, 1979; that she applied for a renewal for the period of July 1, 1986 through June 30, 1987; that she is a person of good moral character, is a qualified voter, has never had her license revoked and has never been convicted of any law applicable to the sale of liquor. The stipulation further recited that the Public Works–Health and Safety Committee considered her application for renewal and reviewed certain inter-department memoranda received by it from the chief of police with respect to the lounge and that the council, on the recommendation of the committee, denied to renew the license. The parties further agreed that Ms. Vaughn could continue to operate and transact business pending a final judicial disposition of the issues.

On January 13, 1987, a hearing was held by the trial court on the petition. At the hearing, Mr. Zimmerman testified that he reviewed the appellant's application for renewal and after examining two inter-department police memoranda, he recommended denial of the license. One inter-department memorandum was dated December 9, 1985 and the other May 29, 1986. Each listed the number of "incidents" which occurred at the lounge since January, 1979. There were eleven such incidents in 1979—ranging from a disturbance to a bomb threat; there were ten incidents in 1980; fourteen in 1981; six in 1982; sixteen in 1983; thirty-one in 1984 and thirty-five in 1985. In 1986, there were several incidents—one on February 1, 1986 involving a fight inside the lounge at which "20–25 patrons were involved." Mr. Zimmerman did not request copies of the underlying police reports before making his recommendation to the council.

*city to grant another license."* (Emphasis added).

At the trial court hearing, Ms. Paula Brady, secretary to the detective bureau and custodian of records, testified. She testified that she maintained "tavern files" and referred to Exhibits 9 and 10 showing a number of reports and complaints which came into the police department. These reports are prepared by a police officer, "made in the regular course of business" and "made at or near the time of the act, condition or event that's recorded." When Exhibit 9—reports and complaint cards—were sought to be admitted, counsel for appellant objected:

Your Honor, I would object to the relevancy of Exhibit 9 since these reports were not made available to the committee or the council members.

The court overruled the objection.

Exhibit 10, containing additional police reports concerning incidents other than those related in Exhibit 9, was also admitted over objection on the ground of relevancy.

Captain B.J. Nelson, an officer with some eighteen years service and assistant chief of the City of Arnold, also testified. While he was chief of detectives and as part of his responsibilities, he reported to the chief of police on violations of the liquor law. He maintained "tavern files"—"incidents that occur at any place that has a liquor license in the City of Arnold." In 1986, he examined the incidents at the Span Disco as well as other taverns, and based upon his observations, he noted that there was an "unusual amount of police activity generated," and a "large amount of serious activity occurring there." This "unusual" and "large" amount of activity took policemen away from the "patrols position" to respond to the incidents and complaints. The reports showed that there were fights on the parking lot, a police officer was assaulted, and incidents with "weapons, pool cues, knives, guns." There was also a "major fight there involving 25 people which took my whole department to handle." One incident which he recalled "vividly", which took place in front of the Span Disco and wound up on the upper parking lot, involved a family fighting with a bump-

er jack so that police officers had to disarm them. There had also been a shooting which occurred in front of the establishment for which one man was convicted.

The frequency of police calls were "much greater at the Span compared to other liquor establishments." In Captain Nelson's opinion the tavern presents a law enforcement problem in that there "is a large amount of fights and disturbances" which "put people in jeopardy, not only my police officers but the customers that go in there." Captain Nelson personally had been called to the tavern "maybe six times." He spoke to "Dorthia about the problems," and urged her to "try to take more control over the liquor establishment, try to keep down the trouble."

Captain Nelson did not know whether appellant was ever cited for failure to maintain an orderly place of business, but testified that the inter-department memoranda listed "these items" and in December 1985 he "went to the chief of police and asked him to take this to the city council and discuss with them whether she should be cited or not;" that it was "up to the council to decide whether to cite her or take her license or suspend her, or whatever action deemed necessary."

Following hearing in the trial court and the filing of briefs,[2] the court entered its order that the decision of the council was "lawful and proper and is supported by substantial evidence." The court therefore dismissed the appellant's petition for review.

## II.

On appeal, appellant contends that the trial court erred (1) in failing to find

§ 3–44.1 of the Arnold alcoholic beverage code "invalid because the ordinance grants unlimited discretion to the city council to grant or deny a liquor license and is subject to arbitrary enforcement," and (2) in receiving Exhibits 9 and 10 because these exhibits, comprising police reports, were not properly qualified as business records since there was no showing that the information contained in them was relayed to the reporting officer by a person with a business duty to do so.

■ Our review is to determine whether the trial court abused its discretion in affirming the decision of the city council. The order of the trial court is to be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In turn, the trial court's review of the decision of the city council to deny the renewal of the license is governed by § 536.150—to determine whether such decision, in view of the facts as they appear to the court, is unconstitutional, unlawful, unreasonable, arbitrary, or capricious or involves an abuse of discretion. Section 536.-150, rather than § 536.110, is the proper vehicle for judicial review in this "non-contested" case. *Kopper Kettle Restaurants, Inc. v. City of St. Robert,* 439 S.W.2d 1, 3 (Mo.App.1969); *State ex rel. Keeven v. City of Hazelwood,* 585 S.W.2d 557, 560 (Mo.App.1979); *State ex rel. Walmar Investment Co. v. Mueller,* 512 S.W.2d 180, 182 (Mo.App.1974). The denial of a liquor license is not a "contested case" under the

---

**2.** In her memorandum of law filed with the trial court Ms. Vaughn argued that the issue is whether the City may vest greater authority in its Council than the Legislature has vested in the State Supervisor of Liquor Control under § 311.220, R.S.Mo. She contended that when the legislative body of a city chooses to delegate to itself the discretionary power to grant or deny a permit such discretion must be circumscribed by sufficient standards to require it to be reasonably and not arbitrarily exercised. She argued that the "ordinance upon which the City based its denial of [her] application for renewal" sets forth no standards, is unlimited

and an "impermissible usurpation of discretion subject to arbitrary enforcement contrary to the Due Process Clause of the United States Constitution and Article I, Section 10 of the Constitution of the State of Missouri." She further argued that the City cannot justify denying a license because of her asserted failure to keep an orderly place of business because the City has never cited her for such. She also contended that the Uniform Business Records as Evidence Law, §§ 490.660–490.690, does not authorize a police officer to read his report as a substitute for direct testimony. *State ex rel. Pini v. Moreland,* 686 S.W.2d 499 (Mo.App.1984).

Administrative Procedure and Review Act. *Keeven, supra,* 585 S.W.2d at 560; *cf. Kehr v. Garrett,* 512 S.W.2d 186 (Mo.App. 1974)—state supervisor of liquor control.

Based upon this standard of review, we conclude the order of the trial court should be affirmed.

### III.

As we perceive her first point, appellant contends that the Arnold ordinance is invalid and unconstitutional because it grants unlimited discretion to the city council to grant or deny a liquor license with no standards or guidelines to guide a council decision. Therefore the ordinance, she says is unreasonable and conflicts with state law. Relying on § 311.220.2, which provides that municipalities may charge for licenses, make and enforce ordinances for the regulation and control of the sale of intoxicating liquor within their limits and provide penalties where not inconsistent with state law, she contends that the ordinance gives unfettered discretion to act arbitrarily.

Ordinance 3–44.1 reads as follows:

The city council may refuse to issue a liquor license ... if, in its discretion, it is not advisable to grant it to the applicant, or if the proposed location is unsatisfactory, or if it is not in the best interests of the city to grant another license.

This ordinance deals with two pertinent situations: (1) refusal to issue an original license, if in the council's discretion, it is not advisable to grant it, and (2) renewal of a license once granted if in the best interests of the city. We deal here only with the latter situation.

The precise issue to be determined therefore is whether the action of the governing body of the municipality, acting under an ordinance which sets forth broad and general standards—the best interests of the city—may properly, validly, lawfully and constitutionally decline to renew a liquor license when there is substantial evidence to do so and the refusal is not arbitrary, capricious or unreasonable. We conclude that ordinance in this regard is not invalid or unconstitutional and that the action of the council under the facts here was lawful

and not unreasonable, arbitrary or capricious.

We deal here with a liquor business, and the renewal of a liquor license. The liquor business stands on a different plane than other commercial and business operations. It is placed under the ban of the law and is differentiated from all other occupations. No person has an inherent or natural right to engage therein. Those who engage in the business of the sale of liquor have no legal rights except those expressly granted by statute and by license. *Kehr v. Garrett,* 512 S.W.2d 186, 189 (Mo.App.1974); *Queen of Diamonds, Inc. v. McLeod,* 680 S.W.2d 289, 291 (Mo.App 1984). The state may impose such conditions, burdens and regulations as it may deem wise and proper. *Peppermint Lounge v. Wright,* 498 S.W.2d 749, 752 (Mo.1973); *Kehr v. Garrett, supra,* 512 S.W.2d at 189; *May Department Stores Inc. v. Supervisor of Liquor Control,* 530 S.W.2d 460 (Mo.App.1975). A renewal of a license is not a matter of right and may be refused for good cause.

Although it may be desirable for an ordinance regulating the sale of liquor to contain greater specificity, ordinances or regulations relating to the sale of intoxicating liquor have been consistently upheld against a challenge of invalidity or unconstitutionality. *Queen of Diamonds, Inc. v. McLeod, supra,* 680 S.W.2d 289; *Mainstreet Enterprises v. Supr'r of Liq. Cont.,* 665 S.W.2d 641 (Mo.App.1984); *Peppermint Lounge, Inc. v. Wright,* 498 S.W.2d 749 (Mo.1973).

A municipality acting through its governing body or council has broad, although not unlimited, discretion to grant or renew licenses for the sale of intoxicating liquor, and it has been consistently held that courts will not interfere with such municipal discretion, absent an abuse of that discretion. 9A E. McQuillan, *Municipal Corporations,* §§ 26.181, 26.198 (1986). Ordinances which vest discretion in the governing body or board to grant or renew a license have been held to be valid, if the discretion is exercised reasonably and not

arbitrarily. See 48 C.J.S., *Intoxicating Liquors,* § 93 at 438; 1 W.W. Woolen, *Intoxicating Liquors,* § 131 at 194 (1910).

■ Furthermore, the governing body of a municipality, as distinguished from a delegated administrative board, may exercise, in a reasonable and proper manner, the power granted by statute regarding regulation of selling intoxicating liquor. Section 311.220.2; *State ex rel. Payton v. City of Riverside, supra,* 640 S.W.2d 137, 140. While an ordinance which vests discretion in administrative officials must generally include standards for their guidance in order to be constitutionally acceptable, that principle applies to a delegation of authority to administrators and not to the exercise of substantive legislative functions by the political and governing body, especially when the governing body deals with police regulations. *State ex rel. Payton, supra,* 640 S.W.2d at 141; *Clay v. City of St. Louis,* 495 S.W.2d 672, 676 (Mo.App. 1973); *State ex rel. Mackey v. Hyde,* 315 Mo. 681, 286 S.W. 363, 366 (banc 1926). Where an ordinance deals with a situation which requires the vesting of discretion, and it is impracticable to lay down a definite comprehensive rule, or where the discretion relates to the administration of a police regulation or is necessary to protect the public safety, morals, health or general welfare, such an ordinance is not constitutionally infirm because standards are not spelled out in great detail. *Browning-Ferris Ind. of Kansas City v. Dance,* 671 S.W.2d 801, 811 (Mo.App.1914). Unless action is taken arbitrarily to deny a renewal of a license on the basis of personal bias, religious beliefs or other irrelevant factors, an ordinance vesting discretion is not invalid or infirm. *Cf. State ex rel. Casey's v. City Council,* 699 S.W.2d 775 (Mo.App. 1985). The enactment of this ordinance in the liquor regulation context insofar as it relates to the renewal of a liquor license is within the legitimate exercise of legislative discretion and is not invalid. Neither is the ordinance in conflict with § 311.220.2.

*State ex rel. Payton v. City of Riverside, supra,* 640 S.W.2d at 141.

■ In the instant case, the ordinance vests discretion in the council to refuse a renewal of a liquor license; and the provisions thereof relating to renewal is within the legitimate exercise of the substantive legislative functions of the political body. The council did not act arbitrarily or unreasonably in declining to renew the license. There was a reasonable basis for its actions. There had been numerous incidents and problems at the appellant's place of business over the years. An "unusual" and "large" amount of activity engaged the police; it took policemen away from their "patrol positions" to respond to such incidents and complaints. Under such circumstances the council's action was not arbitrary, and the ordinance under which it acted was not invalid or void.[3] The exercise of discretion by the council was based upon sufficient reasons.

*State ex rel. Casey's v. City Council, supra,* relied upon by appellant is not controlling. There, an ordinance provided that no liquor license shall be issued where the place of such business is located "outside the business district of the city" of Salem. This ordinance was struck down because it was a zoning type ordinance and it did not involve a matter of police regulation.

The trial court properly concluded in accordance with § 536.150, in view of the facts as they appeared to it, that the decision of the council was not unconstitutional, unlawful, unreasonable, arbitrary, capricious or involved an abuse of discretion.

## IV.

Appellant next contends that the trial court erred in receiving Exhibits 9 and 10—the police reports containing complaints concerning the activity and incidents at the appellant's lounge. She contends on appeal that these reports and complaints were not properly qualified as business records un-

---

3. Implicit in appellant's contention is that the ordinance is unconstitutional under the void-for-vagueness doctrine. Numerous decisions hold statutes and ordinances are valid against such a contention. *Queen of Diamonds, Inc. v. McLeod, supra,* 680 S.W.2d 289; *Mainstreet Enterprises v. Sup'r of Liq. Cont., supra,* 665 S.W.2d 641.

der the Business Records Act, §§ 490.660–490.690, R.S.Mo.1986, because there was no showing that the information contained in them was relayed to the reporting officer, by a person with a business duty to do so.

■■■ This contention is without merit. It is to be noted that the point asserted on appeal, that the exhibits were not properly qualified as business records was not presented to the trial court and was not preserved for appeal. At the hearing, counsel for appellant objected to the reports and complaints on the ground of relevancy, stating that the reports had not been presented to the council when the license was not renewed. An appellant cannot broaden or change an objection on appeal beyond that made in the trial court. *Dyer v. Globe–Democrat Pub. Co.,* 378 S.W.2d 570, 582 (Mo.1964). An objection made for the first time on appeal will not be reviewed when not presented to and ruled on by the trial court. *Pierce v. New York Cent. R. Co.,* 257 S.W.2d 84 (Mo. 1953). When the proper objection is not made at trial, the trial court cannot be considered to have erred and nothing is preserved for appellate review. *In re Estate of King,* 572 S.W.2d 200, 204 (Mo.App. 1978).

■■■ Regardless of whether the reports were or were not admissible under the Business Records Act, §§ 490.660–490.690, as contended on appeal, the reports and complaints were admissible and did not violate the rule against hearsay. The theory of the hearsay rule is that if an extrajudicial statement is offered to prove the truth of the matter asserted therein, it is objectionable and inadmissible. However, if the "extrajudicial utterance is offered, not as an assertion to evidence the matter asserted, but without reference to the truth of the matter asserted, the hearsay rule does not apply" and the matter is non-hearsay and admissible. See *6 J. Wigmore, Evidence,* §§ 1766, 1788 (Chadbourn Ed.1976). The reports and complaints, Exhibits 9 and 10, were admissible, regardless of the truth of the matter asserted, in order to show the facts upon which the council acted. Such reports are admissible not as an exception to the rule against hearsay, but because they are not within the rule and are admissible as circumstantial evidence. *State v. Tolisano,* 136 Conn. 210, 70 A.2d 118 (1949) (telephone slips and telephone calls making bets on horse racing—admissible as non-hearsay); *McCormick, Evidence,* § 249 at 588 (2nd ed. 1972); 6 Wigmore, *Evidence, supra,* § 1788 at 313. The issue before the trial court was whether the council's decision not to renew was arbitrary or unreasonable. The exhibits were admissible to show the reasonableness of the council's action. The trial court did not err in admitting the police reports as exhibits.

### V.

In sum, we hold that under all the facts and circumstances, the action of the city council in denying a renewal of the appellant's liquor license was not arbitrary or capricious, was not an abuse of discretion and was not based upon an ordinance relating to a renewal of a liquor license which was constitutionally infirm. The decision was based upon sound reasons. The council had cause to decline to renew appellant's license. It acted within its power, consistent with the law of the state and its decision was not unlawful, unreasonable, arbitrary or capricious.

The trial court did not err in affirming the action of the city council.

The judgment is affirmed.

SATZ, C.J., and CARL R. GAERTNER, J., concur.