STATE of Missouri, ex rel. CLASSICS TAVERN COMPANY, INC., a Missouri Corporation, Relator–Respondent,

v.

Peter B.J. McMAHON, Director of Revenue for St. Louis County, Missouri, Respondent–Appellant.

No. 56232.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 23, 1990.

Thomas W. Wehrle, County Counselor, Joseph D. Ferry, Asst. County Counselor, Clayton, for respondent-appellant.

Michael J. Gorla, Clayton, for relator-respondent.

KAROHL, Judge.

Relator in the trial court, Classics Tavern Company [Classics], applicant for renewal of liquor license, sought mandamus in the Circuit Court on Peter B.J. McMahon, Director of Revenue of St. Louis County, [Director], to issue the renewed license. He refused to renew on the authority of a county ordinance. The petition for mandamus is expressly authorized by § 536.150 RSMo 1986 for such cases. The trial court granted mandamus. The Director appeals.

The basic facts alleged in the petition, except assertions which may be characterized as conclusions of law, were not in dispute. It is therefore useful to reproduce the findings of fact of the trial court, to wit:

1. That Relator is a Missouri corporation organized and existing under the laws of the State of Missouri with its principal place of business located at 11601 West Florissant Avenue in St. Louis County, Missouri;

2. That Relator is engaged in the bar/lounge business and leases said premises located at 11601 West Florissant Avenue for said purpose;

3. That the said premises located at 11601 West Florissant Avenue are considered part of the property described as 11601–11619 West Florissant Avenue in St. Louis County, Missouri, and said property is considered one parcel for real property tax purposes;

4. That the owners of the premises described as 11601–11619 West Florissant Avenue are responsible for paying the real property taxes for said property as assessed by St. Louis County;

5. That Relator has no responsibility for the payment of the real property taxes on the property described as 11601–11619 West Florissant Avenue, St. Louis County, Missouri;

6. That Respondent Peter B.J. McMahon, Jr., is the Director of Revenue for St. Louis County, Missouri, and is responsible for receiving and reviewing applications for the issuance and renewal of licenses for the sale of intoxicating liquor by the drink in St. Louis County, Missouri;

7. That on or about October 1986 Relator applied for and was issued a license by Respondent to sell intoxicating liquor by the drink on the premises located at 11601 West Florissant Avenue in St. Louis County, Missouri;

8. That on or about June 1987 Relator filed an application for the renewal of said liquor license for an additional license year from July 1, 1987, to June 30, 1988, and Respondent renewed said license;

9. That at the time said liquor license was renewed in June 1987, the real property taxes for the year 1986 assessed on the property described as 11601–11619 West Florissant Avenue were unpaid;

10. That on or about June of 1988 Relator filed an application for renewal of its liquor license for an additional license year from July 1, 1988, to June 30, 1989, with Respondent;

11. That on or about June 21, 1988, Relator was notified by Respondent that Respondent refused to renew Relator's said liquor license;

12. That Respondent's refusal to renew Relator's liquor license was made pursuant to Section 801.140(c) of the St. Louis County Code and was based solely on the fact that the real property taxes for the years 1986 and 1987 on the property described as 11601–11619 West Florissant Avenue had not been paid by the owner of said premises.

13. That all of the other conditions under which the original liquor license was issued to Relator have not changed;

14. That Relator has obtained a liquor license from the State of Missouri for the license year July 1, 1988, to June 30, 1989;

15. That other merchants without liquor licenses who have places of business located in the property described as 11601–11619 West Florissant Avenue are not subject to losing their business or merchants' licenses due to the nonpayment of the real property taxes by the owner of said premises;

16. That it is imperative and indispensable to the operation of Relator's business that its liquor license be renewed;

17. That Relator would be put out of business and suffer irreparable harm should its liquor license not be renewed.

Director appeals the legal conclusions that County Ordinance § 801.140(c) denies Classics' rights of due process and equal protection guaranteed by the United States Constitution and the Missouri Constitution. The trial court made several findings of fact. Among them were § 801.130 of the St. Louis County Code titled "Renewal of Licenses," which obligated the Director to renew applicant's license upon payment of filing and license fees if the conditions under which the original license was issued have not changed. It also found refusal to renew Classics' liquor license pursuant to § 801.140(c) of the St. Louis County Code upon the basis that the real property taxes on the entire shopping center were unpaid is arbitrary and capricious in violation of the due process clauses of the 14th Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution. The trial court determined enforcement against Classics does not further or enhance the object of the ordinance, which is the collection of real estate taxes assessed by the county, and the ordinance *as applied to Classics* fails to withstand the due process rational relation test. Further, the trial court found enforcement of § 801.140(c) of the St. Louis County Code violated the equal protection clause of the 14th Amendment of the United States Constitution and Article I, § 2 of the Missouri Constitution because the ordinance arbitrarily distinguishes between merchants with liquor licenses and those without liquor licenses. It found this distinction not rationally related to the object of the ordinance, which is collection of real property taxes. The trial court also concluded Classics has no legal obligation to pay the real estate taxes on the entire shopping center, a conclusion not subject to debate.

Director claims the court erred in its conclusions of law because the ordinance involving the classification distinguishing liquor sales businesses from non-liquor sales businesses is rationally related to the legitimate government purpose of securing prompt payment of real estate taxes.

We review this court tried writ proceeding under Rule 73.01 as interpreted in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We recognize there is a presumption of constitutionality of an ordinance of local government. *American Motorcyclist Association v. City of St. Louis,* 622 S.W.2d 267, 269 (Mo.App.1981). We also recognize Classics is entitled to a writ of mandamus only if it has an existing legal right to renewal of a liquor license. It has been held that a liquor licensee has a property interest in a validly issued liquor license. *ARO Systems Inc. v. Supervisor of Liquor Control,* 684 S.W.2d 504, 507 (Mo.App.1984). In the present case no conditions have changed except nonpayment of current real estate taxes, taxes not owed by Classics. There is no contention that the property right recognized in *ARO* should fail where the issue is based on renewal on unchanged facts.

Director offered testimony that demand for county services, particularly police services, is greater for businesses which sell alcoholic beverages than those which do not. It offers this distinction as the rational basis which satisfies Classics' constitutional objections. The rational basis test requires the ordinance have a legitimate governmental interest as its purpose and employ a rational or reasonable means of accomplishing its objective. *American Motorcyclist Association* 622 S.W.2d at 269. The obvious objective of the ordinance is to compel prompt payment of real estate taxes, a legitimate governmental interest. The means of accomplishing the objective is to compel payment of those taxes by the licensee, who does not owe the taxes, before renewal of an existing license. It does not purport to directly regulate the manner or form of liquor sales.

The trial court found the means irrational or unreasonable. We agree with this finding as the ordinance is applied to Classics, a tenant of only part of a shopping

center taxed as a whole. First, enforcement of the ordinance creates an obligation upon Classics to pay taxes on property occupied as lessee under a lease, and creates a potential obligation to pay taxes on real estate for property occupied by other merchants in the same shopping center. There is only one tax bill for the entire shopping center. Hence, the effect of the ordinance, as applied to Classics, is to impose an obligation to pay taxes it does not owe.

Second, the amount of tax is determined by an ad valorem assessment and not by the use of the real estate. The taxes would be the same for a parcel of real estate used by Classics as it would for a merchant who sold products not requiring a liquor license.

Third, the means of enforcing payment are not consistent with the provisions of § 141.240 or § 141.250 RSMo 1986. These sections provide that liens for taxes on real estate shall be upon and against the real estate only, without reference to the owner. These sections support a payment of real estate taxes by impressing liens against the land. Accordingly, the object of the ordinance under attack cannot be to guarantee payment of taxes. As applied to Classics the ordinance is designed to coerce a liquor licensee to pay real estate taxes on land only partially occupied by the licensee as a lessee, taxes it has no legal obligation to pay. What is involved is the time of payment, not the guarantee of payment of real estate taxes, because St. Louis County has the statutory guarantee of a tax lien to protect needed revenues. Section 801.-140(c) is not directed to the owner of the real estate and does not create an enforceable obligation on him. The trial court did not err in finding the means of accomplishing the collection of taxes to be arbitrary and capricious. The means employed in the ordinance fails a test of fundamental fairness, the foundation of due process. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

Director argues *Vaughn v. Ems*, 744 S.W.2d 542 (Mo.App.1988) supports this appeal. *Vaughn* is, however, factually inap-posite because in that case denial was based on violations of ordinances regulating the conduct of the licensees' business. Evidence of a number of incidents and disturbances on the licensees' premises permitted refusal of renewal of a liquor license pursuant to a city ordinance, because renewal was not in the city's best interest. In the present case denial was not based on any change in circumstances, specifically, a violation of any duty or obligation of the licensee.

■ We also find the ordinance, as applied to Classics, denies equal protection rights guaranteed by the 14th Amendment of the United States Constitution and Article I, § 2 of the Missouri Constitution. These constitutional provisions require a classification drawn by an ordinance to be based on a difference reasonably related to a legitimate government interest. The only object of § 801.140(c) is to expedite the collection of real estate taxes. Here, enforcement of the ordinance, would require Classics to pay taxes it did not owe as a condition for renewal of a required license. This burden is not shared equally by all businesses in the shopping center. The need for prompt payment of taxes is the same for all businesses. The classification based solely on whether the tenant operates a liquor or non-liquor business violates equal protection guarantees because it casts a tax burden on one class [liquor licensees] which is the equal obligation of all classes of tenants, or none of them. The classification, as applied to Classics as the occupant of only part of the parcel taxed, cannot survive an equal protection challenge. The distinction, when considered as a basis for imposing the burden on only one tenant, is unrelated to the achievement of the object of the law. *Missouri Pacific Railroad Company v. Kirkpatrick*, 652 S.W.2d 128, 132 (Mo. banc 1983). The result, as applied to Classics, amounts to invidious discrimination. *Bopp v. Spainhower*, 519 S.W.2d 281, 289 (Mo. banc 1975).

We affirm the judgment which ordered Director to renew Classics' liquor license. We need not reach the general question of

constitutionality, because the ordinance is unconstitutional as applied to Classics.

PUDLOWSKI, P.J., and CRANDALL, J., concur.