**CITY OF CLARKSON VALLEY,**
**Plaintiff–Respondent,**

v.

**Alan W. JONES, Defendant–Appellant.**

**No. 63899.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 23, 1994.

Application to Transfer Denied
April 26, 1994.

G. Richard Fox, St. Louis, for plaintiff-respondent.

Charles H. Billings, Mary P. Schroeder, St. Louis, for defendant-appellant.

CRANDALL, Presiding Judge.

Defendant, Alan Jones, appeals from his convictions, in a court tried case, of eighteen municipal ordinance violations for maintaining a nuisance, to wit a barbed wire fence within the boundaries of the City of Clarkson Valley. Defendant was sentenced to pay a fine of $100.00 for each conviction. We affirm.

Defendant, who lived in a residential area, was charged with having a barbed wire fence on his property from February 14, 1992, to March 2, 1992, in violation of Clarkson Valley City Code, Mo., Ch. 12, art. II, § 12–26 (1991). Defendant was tried in the Municipal Court of Clarkson Valley and convicted on all eighteen ordinance violations. Defendant filed an application for trial de novo to the circuit court where he was tried and again found guilty of all eighteen ordinance violations.

■ On appeal, defendant first claims that the trial court erred in finding the defendant guilty of maintaining a nuisance because the ordinance is vague and does not specify what conduct is prohibited. Ch. 12 of the City Code prohibits nuisances. Ch. 12, art. II, § 12–26 (1991) defines a nuisance as:

(1) Any act done or committed, or suffered to be done or committed, by any person, or any substance or thing kept, maintained, placed or found in or upon any public or private place which is annoying or damaging or injurious or dangerous to the public health or public safety or public welfare....

(14) Every act or thing done or made, permitted, maintained, allowed or continued on any property public or private, by any person, his/her agent or employee which is liable to or does endanger, annoy, damage or injure any person or any inhabitant of the city or property of said person or inhabitant.

■ Defendant argues that the ordinance is vague such that a reasonable person cannot make a judgment as to whether his conduct is prohibited. He argues that the ordinance falls under the void for vagueness doctrine which protects citizens from arbitrary and discriminatory government enforcement. The doctrine establishes that an ordinance which forbids an act in terms so vague that a person of common intelligence must guess at its meaning and would differ as to its application is void for vagueness. *Ferguson Police Officers Ass'n v. City of Ferguson*, 670 S.W.2d 921, 927 (Mo.App. 1984).

■ If an ordinance is susceptible to any reasonable construction which will sustain it, that ordinance will not be declared void for uncertainty. *State ex rel. Payton v. City of Riverside*, 640 S.W.2d 137, 140 (Mo. App.1982). A presumption of reasonableness attaches to ordinances enacted pursuant to a municipality's police powers. *Real Estate Board v. City of Jennings*, 808 S.W.2d 7, 9 (Mo.App.1991). There is also a presumption of constitutionality concerning local government ordinances. *State ex rel. Classics Tavern Company, Inc. v. McMahon*, 783 S.W.2d 463, 465 (Mo.App.1990).

The ordinance specifically defines a nuisance as any thing found upon any private place which is injurious or dangerous to the public health. Here, the nuisance was barbed wire fencing surrounding defendant's property. A reasonable person could appreciate the *danger* of such a fence in a residential neighborhood where any person, including a child, could come into contact with the barbed wire and suffer physical injury. Defendant also argues that the ordinance lacks

specific standards to determine what is a nuisance.

Where an ordinance deals with a situation which requires the vesting of discretion and it is impracticable to lay down a definite comprehensive rule, or where the discretion relates to the administration of a police regulation or is necessary to protect the public safety, morals, health or general welfare, such an ordinance is not constitutionally infirm because standards are not spelled out in greater detail. *Vaughn v. Ems*, 744 S.W.2d 542, 548 (Mo.App.1988).

In this case, Clarkson Valley was exercising its legitimate police power to protect the health, safety and welfare of its citizens. Eliminating the dangerous condition of a barbed wire fence is a legitimate exercise of the city's police power. Not permitting dangerous conditions which could lead to injury is a sufficient standard for the reasonable person to be put on notice of what activities are prohibited. Defendant's first point is denied.

We have reviewed defendant's remaining points relating to jurisdiction and sufficiency of the evidence. No jurisprudential purpose would be served by an extended opinion on these points. Defendant's remaining points are denied pursuant to Rule 30.25(b).

The judgment of the trial court is affirmed.[1]

REINHARD and CRIST, JJ., concur.

---

1. Because it's not relevant to this appeal, we do not address whether the terms "annoying or damaging" contained in the ordinance sufficiently specify prohibited conduct.