CITY OF PAGEDALE, Respondent,

v.

**Sean MURPHY, Appellant.**

**No. ED 83655.**

Missouri Court of Appeals, Eastern District.

June 15, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 29, 2004.

Application for Transfer Denied Sept. 28, 2004.

---

Paul J. D'Agrosa, St. Louis, MO, for appellant.

Gregory K. Allsberry, Troy, MO, for respondent.

BOOKER T. SHAW, Judge.

Sean Murphy ("Murphy") appeals from the trial court's judgment finding him guilty of possessing a pit bull in violation of City of Pagedale ("City") Ordinance No. 1169 and sentencing him to pay a fine of $100. Murphy argues the trial court's judgment is not supported by sufficient facts and that City Ordinance No. 1169 is unconstitutionally vague and indefinite because it fails to provide a definition for "pit bull." We disagree and affirm the trial court's judgment.

Murphy is a resident of the City and was charged with possession of a pit bull on his premises in violation of City Ordinance No. 1169. Murphy demanded a jury trial and the case was transferred to the Circuit Court of St. Louis County. However, in lieu of trial, Murphy and the City entered into a Joint Stipulation of Facts. The parties agreed to the following pertinent facts: On November 2, 2002 and November 16, 2002, Murphy owned, maintained and possessed a pure bred American Staffordshire Terrier in the City. According to the *www.realpit-bull.com* website ("Website"), the only breed that can be called a "Pit Bull" (with the p and b capitalized), is the American Pit Bull Terrier. Also according to the Website, the term "pit bull" (with the p and b not capitalized) "is used to describe The American Pit Bull Terrier and any other similar, related, or look-a-like breed or mix." The Website further recognizes that "use of the term 'pit bull' to describe a specific group of dogs has become commonplace in certain circles ... and breeds that are typically referred to as pit bulls include ... American Staffordshire Terriers...."

City Ordinance No. 1169 states in relevant part that, "No person shall within the City raise, maintain or possess within his or her custody or control a dog of the *'pit bull'* breed." (Emphasis added). The trial court found Murphy guilty of violating City Ordinance No. 1169 and sentenced him to pay a fine of $100. This appeal follows.

In his only point on appeal, Murphy argues the trial court's judgment is not supported by sufficient facts and that City Ordinance No. 1169 is unconstitutionally vague and indefinite because it fails to provide a definition for the term "pit bull."

Although the issue of this Court's jurisdiction has not been raised by either party, we have a duty to address our jurisdiction *sua sponte. G.Q. Gentlemen's Quarters, Inc. v. City of Lake Ozark,* 83 S.W.3d 98, 100 (Mo.App. W.D. 2002). While the Supreme Court of this State generally has exclusive jurisdiction over cases dealing with the validity of a statute or a constitutional provision of this State, "[c]laims that municipal ordinances are constitutionally invalid are not within the exclusive appellate jurisdiction of the Missouri Supreme Court." *Id.* Therefore, we have jurisdiction to initially address the

constitutionality of City Ordinance No. 1169 on appeal.

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Rose v. Board of Zoning Adjustment Platte County*, 68 S.W.3d 507, 512 (Mo.App. W.D.2001).

■ An ordinance will not be declared void for uncertainty if it is susceptible to any reasonable construction that will sustain it. *City of Clarkson Valley v. Jones*, 872 S.W.2d 531, 532 (Mo.App. E.D.1994). There is a presumption that ordinances enacted pursuant to a municipality's police powers are reasonable. *Id.* There is also a presumption that local government ordinances are constitutional. *Id.*

■ "An ordinance is void for vagueness when it uses terms 'so vague that a person of common intelligence must guess at its meaning and would differ as to its application.'" *Opponents of Prison Site, Inc. v. Carnahan*, 994 S.W.2d 573, 582 (Mo.App. W.D.1999) (quoting, *Jones*, 872 S.W.2d at 532). The vagueness doctrine is premised upon the due process requirements in the United States and Missouri constitutions. *Id.*

Here, City Ordinance No. 1169 states, "No person shall within the City raise, maintain or possess within his or her custody or control a dog of the *'pit bull'* breed." (Emphasis added). There does not appear to be any Missouri case ad-dressing the precise issue of whether the use of the term "pit bull" in an ordinance or statute without a definition is so vague and indefinite that the law is unconstitutional. However, the Supreme Court of Ohio in *State v. Anderson*, 57 Ohio St.3d 168, 566 N.E.2d 1224 (Oh.1991), *cert. denied, Anderson v. Ohio*, 501 U.S. 1257, 111 S.Ct. 2904, 115 L.Ed.2d 1067 (1991), has addressed the constitutionality of a similar law in their jurisdiction. We find its reasoning and holding instructive and apply it here.

In that case, the Ohio statute stated that a "vicious dog" was any dog that "'belong[ed] to a breed that is commonly known as a pit bull dog,'" and that "'[t]he ownership, keeping, or harboring of such a breed of dog shall be prima-facie evidence of the ownership, keeping, or harboring of a vicious dog.'" *Id.* at 1225 (quoting Ohio R.C. 955.11(A)(4)(a)(iii)). The dog owner in that case claimed on appeal that this statute was unconstitutionally void for vagueness. *Id.* at 1226.

The court disagreed with the dog owner and held that the statute was not unconstitutionally void for vagueness. The court reasoned that "pit bull dogs are distinctive enough that the ordinary dog owner knows or can discover with reasonable effort whether he or she owns such a dog." *Id.* at 1227. The court specifically discussed certain distinguishable physical characteristics[1] of pit bulls, as well as certain distinctive behavioral features.[2] *Id.* at 1227–

---

1. The court cited to the following description of a pit bull's physical characteristics from the Kansas Supreme Court in *Hearn v. Overland Park*, 244 Kan. 638, 772 P.2d 758, 763 (Kan. 1989): "'physical features [of pit bull dogs] include a short, squatty body with developed chest, shoulders and legs; a large, flat head; muscular neck and a protruding jaw.... [T]hey ... have extremely strong jaws and biting power and they tend to clamp on to something and not let go.'" *Anderson*, 566

N.E.2d at 1227 (quoting *Hearn*, 772 P.2d at 763).

2. The court listed the following description of a pit bull's behavioral characteristics from the United States District Court in the Southern District of Ohio in *Vanater v. Village of South Point, et al.*, 717 F.Supp. 1236, 1240 (S.D.Ohio 1989): "'a) grasping strength, b) climbing and hanging ability, c) weight pulling ability, d) a history of frenzy, which is the

28. The court concluded that "the physical and behavioral traits of pit bulls together with the commonly available knowledge of dog breeds typically acquired by potential dog owners or otherwise possessed by veterinarians or breeders are sufficient to inform a dog owner as to whether he owns a dog commonly known as a pit bull dog." *Id.* at 1228. Additionally, the court noted that whether a particular dog is a pit bull and covered by the law is an evidentiary issue to be determined at trial, not a constitutional law issue. *Id.* at 1228–29 (citing *Vanater*, 717 F.Supp. at 1244).

We agree with the court's reasoning in *Anderson* as discussed above and find that City Ordinance No. 1169 is not unconstitutionally vague and indefinite simply because it does not provide a definition for the term "pit bull." As already discussed above, given the distinctive physical and behavioral characteristics of pit bulls, as well as the general knowledge and information available to dog owners, it should be apparent to Murphy whether the dog he owns is of the " 'pit bull' breed" as is prohibited by City Ordinance No. 1169. Finally, as the court in *Anderson* correctly points out, whether a particular dog is a pit bull is an evidentiary issue for trial, not a constitutional law issue. *See id.*

Furthermore, in the case before us, the term "pit bull" in City Ordinance No. 1169 is not capitalized and the parties stipulated in their Joint Stipulation of Facts before the trial court that according to the Website, the term "pit bull" (with p and b not capitalized) is used to describe the American Pit Bull Terrier and any other similar, related or look-a-like breed. The parties also agreed in their Joint Stip-

ulation of Facts that the Website recognized that American Staffordshire Terrier, the breed of dog that Murphy owns, are typically referred to as pit bulls. Therefore, the trial court's judgment finding that Murphy violated City Ordinance No. 1169 by possessing a pit bull in the City was supported by the facts and evidence before it.

Therefore, we find City Ordinance No. 1169 is not unconstitutionally vague and indefinite and the trial court's judgment is supported by competent and substantial evidence.

AFFIRMED.

SHERRI B. SULLIVAN, C.J., and MARY R. RUSSELL, J., Concur.

trait of unusual relentless ferocity or the extreme concentration on fighting and attacking, e) a history of catching, fighting, and killing instinct, f) the ability to be extremely destructive and aggressive, g) highly tolerant of pain, h) great biting strength, i) underlying tenacity and courage and they are highly unpredictable.' " *Anderson*, 566 N.E.2d at 1228 (quoting *Vanater*, 717 F.Supp. at 1240)).